Christopher J. Boman (SBN 198798)
E-Mail: cboman@fisherphillips.com
Boris Sorsher (SBN 251718)
E-Mail:  bsorsher@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile:  (949) 851-0152

Olatomiwa T. Aina (SBN 325566)
E-Mail:  taina@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111
Telephone: (415) 490-9000
Facsimile:  (415) 490-9001

Attorneys for Defendant
EXEL INC. *dba* DHL SUPPLY CHAIN (erroneously sued as "DHL Supply Chain")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BRATSET,<br><br>             Plaintiff,<br><br>    v.<br><br>DHL SUPPLY CHAIN, a business entity from unknown and DOES 1-50,<br><br>             Defendant. | Case No: _____<br><br>NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446<br><br><br>Complaint Filed:   08/24/21 |

TO PLAINTIFF AND HIS COUNSEL OR RECORD AND TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT Defendant EXEL INC. *dba* DHL SUPPLY CHAIN (USA) (erroneously sued as DHL Supply Chain), by and through its counsel of record, Fisher & Phillips LLP, here by submits this petition for removal of this case from the Superior Court of the State of California, County of Alameda

to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  The grounds for removal are as follows:

## I.	Statement of Jurisdiction

1.	This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action may be removed to this Court by Defendant pursuant to 28 U.S.C. 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below.  *See* 28 U.S.C. §§ 1332, 1441(a) and (b).

## II.	Venue

2.	This action was filed in the Superior Court of California for the County of Alameda.  Thus, venue properly lies in the United States District Court for the Northern District of California.  *See* 28 U.S.C. §§ 84(a), 1391, and 1441(a).

## III.	Plaintiff's Complaint

3.	This lawsuit arises out of Plaintiff's employment with Defendant EXEL INC. *dba* DHL SUPPLY CHAIN (USA) ("EXEL") and the termination thereof.  On August 24, 2021, Plaintiff filed a Complaint in the Superior Court of California, County of Alameda, styled and captioned exactly as above, and assigned Case No. RG21110598 (the "Complaint").  In the Complaint, Plaintiff alleges fourteen causes of action for: 1) Age Discrimination in Violation of Fair Employment and Housing Act ("FEHA"); 2) Age Harassment in Violation of FEHA; 3) Discrimination on the Bases of Race and National Origin in Violation of FEHA; 4) Wrongful Discharge in Violation of Public Policy; 5) Retaliation in Violation of FEHA; 6) Constructive Discharge in Violation of Public Policy – Plaintiff Required to Violate Public Policy; 7) Constructive Discharge in Violation of Public Policy – Plaintiff Required to Endure Intolerable Conditions for Improper Purpose that Violate Public Policy; 8) Wrongful Termination in Violation of California Labor Code § 6311; 9) Wrongful Termination in Violation of California

Labor Code § 6310; 10) Breach of Implied in Fact Contract; 11) Breach of Employment Contract; 12) Retaliation in Violation of California Labor Code § 1102.5; 13) Breach of the Implied Covenant of Good Faith and Fair Dealing; and 14) Violation of Government Code § 12940(k). *See* declaration of Christopher J. Boman ("Boman Decl."), at ¶ 2.

4.   On or about November 16, 2021, Plaintiff attempted to serve erroneously named defendant "DHL Supply Chain" at the site location, which was improper service.  *See* Boman Decl., at ¶ 3.

5.   On November 22, 2021, EXEL's counsel, Chris Boman, contacted Plaintiff's counsel, Michael Reed, and notified him that Fisher Phillips was counsel for EXEL and would be defending it.  Specifically, Mr. Boman explained that EXEL disputed service but would accept service via Notice of Acknowledgement and Receipt.  *See* Boman Decl., at ¶ 4. That same day, Plaintiff's counsel agreed to serve EXEL via Notice of Acknowledgement and Receipt. *See* Boman Decl., at ¶ 5.

6.   On December 1, 2021, Plaintiff provided the requisite service paperwork to EXEL's counsel via Notice of Acknowledgement and Receipt.  A true and correct copy of the complaint and all other papers received by Mr. Boman is attached as **Exhibit "1"** to the Boman Decl., at ¶ 6.   Specifically, counsel provided a copy of the Summons and Complaint and related papers such as notice of judicial assignment and notice of case management conference. *Id*.

7.   On December 21, 2021, EXEL signed and returned the Notice of Acknowledgement and receipt, which effectuated service that same day. *See* Boman Decl., at ¶ 7.

8.   Previously, on November 22, 2021, EXEL filed a pre-emptory challenge to the originally assigned judge, the Honorable Julia Spain.  A true and correct copy of the 170.6 challenge is attached as **Exhibit "2"** to the Boman Decl., at ¶ 8.

9. On November 30, 2021, EXEL's 170.6 challenge was granted and the case was re-assigned to the Honorable Dennis Hayashi. A true and correct copy of order granting EXEL's 170.6 challenge to Judge Spain and re-assigning the state court action to Judge Hayashi is attached as **Exhibit "3"** to the Boman Decl., at ¶ 9. At the same time, the originally scheduled case management conference on January 12, 2022 was re-scheduled for January 24, 2022. *Id*.

10. Finally, attached as **Exhibit "5"** to the Boman Decl. at ¶ 11 are true and correct copies of miscellaneous filings and orders in the state court action, including a December 1, 2021 proof of service filed by Plaintiff and a December 23, 2021 Case Management Statement filed by Plaintiff in the state court action.

### IV.   Timeliness of Removal

11. This Notice of Removal has been filed within thirty (30) days of service of EXEL and, as no other defendants have been properly served on an earlier date, the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days of service of the first defendant has been satisfied. In addition, this Notice of Removal has been filed within one year of commencement of the action in state court as required by 28 U.S.C. §1446(b). Therefore, this Notice of Removal has been timely filed.

### V.   Diversity of Citizenship Jurisdiction

12. This action is a civil action that provides this court with a separate and independent basis to exercise jurisdiction over Plaintiff's alleged claims because it is an action between citizens of different states where the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. §1332(a).

13. At all relevant times, Plaintiff is, and was, a resident and citizen of the State of California. Plaintiff's Complaint expressly alleges he is a resident of Salida, California. *See* Complaint, at ¶ 1. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See* 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v.*

*Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)(confirming that a person's domicile is the place he resides with the intention to remain).

14. At the time this action was filed and at the time this Notice of Removal was filed, EXEL is and was a citizen of the states of Ohio and Massachusetts, within the meaning of 28 U.S.C. section 1332(c)(1) because it is now, and was, at all material times incorporated under the laws of the state of Massachusetts, and maintains, and at all material times has maintained, its principal place of business and headquarters in the state of Ohio. *See* declaration of Carolyn Gutowski in Support of Defendant EXEL's Notice of Removal of Action ("Gutowski Decl."), at ¶ 2 (foundation), and ¶¶ 3-4.

15. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Thus, pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

16. Due to the fact that Plaintiff's California citizenship is distinct from Defendant's Ohio and Massachusetts citizenships, complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a).

17. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. In his Complaint, Plaintiff seeks damages for the alleged discrimination on the bases of age, race, and national origin, wrongful termination, retaliation, and breach of contract. Plaintiff's Complaint seeks judgment against Defendant for compensatory damages, medical expenses, loss of earnings, attorneys' fees, and exemplary damages. *See* Complaint generally and at pages 26-27.

18. The status of the parties' citizenship and the amount in controversy

5
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446
FP 42711068.1

can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

19. In addition, precedent dictates that letters sent by Plaintiff's counsel which are marked as privileged settlement communications can be properly admitted and considered for the purposes of determining if the amount in controversy requirement is satisfied. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839-40 & n.3 (9th Cir. 2002) (explicitly rejecting the argument that "Fed.R.Evid. 408 prohibits the use of settlement offers in determining the amount in controversy" and holding that "**[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim**" to determine the amount in controversy for diversity purposes); *Also See*: *Babasa v. Lenscrafters*, 498 F.3d 972, 974-975 (9th Cir. 2007) (refusing to exclude a settlement letter based on state law privileges); *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1108 (S.D. Cal. 2003); *Mcdaniel v. Mondelez Global* (E.D.Cal. 7-1-2014) CIV. NO. 2:14-898 WBS AC at 5.

20. Based on Plaintiff's allegations and request for damages, as well as his correspondence concerning the value of the alleged claims it is more than likely that Plaintiff seeks more than $75,000.00 in damages. Indeed, in his demand letter, dated December 22, 2021, Plaintiff's attorney explicitly states that Plaintiff has authorized "me to demand the sum of $175,000.00 in full settlement of his claims." A true and correct copy of the December 22, 2021, Letter from Plaintiff's counsel is attached as **Exhibit "4"** to the Boman Decl., at ¶ 10.) Pursuant to the rule set

forth in *Petsmart, Inc.*, this letter is a sufficient independent basis for finding that the amount in controversy requirement is satisfied. However, this letter is not the only evidence of the amount in controversy and it merely serves to confirm the allegation included in the Complaint.

21. In Plaintiff's third cause of action for discrimination on the bases of race and national origin in violation of FEHA, he asserts that he "has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiffs property, business, trade, profession and occupation." *See* Complaint, at ¶ 52. Additionally, Plaintiff's Complaint seeks judgment against Defendant for medical expenses, loss of earnings, attorneys' fees, and exemplary damages. *See* Complaint, at pages 26-27. California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).

22. Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

a. **Plaintiff's Lost Wages.** Plaintiff alleges that as a result of Defendant's conduct, he is entitled to "lost wages…." (Complaint, at ¶ 52). Under California's Fair Employment and Housing Act, Cal. Gov't Code section 12926, *et seq*., all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 649 P.2d 912 (Cal. 1982). Here, Plaintiff alleges his rate of pay is $19.00 per hour. (Complaint, at ¶ 15.) This amount translates to wages in the amount of $39,520 per year ($19.00 per hour x 40 hours per week x 52 weeks per year). Plaintiff alleges that his employment was terminated on December 27, 2019. (Complaint, at ¶ 13.) Thus, a very conservative estimate of Plaintiff's alleged backpay wage loss alone, not taking into account alleged lost benefits, at the time of removal is $79,040 ($19.00 per hour x 40 hours per week x 104 weeks since termination). Of course, this amount does not take into account any future lost wages Plaintiff may claim.

b. **Plaintiff's Attorneys' Fees.** Plaintiff also seeks to recover attorneys' fees. (Complaint, at pages 26-27.) Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018 *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair

Employment and Housing Act lawsuits. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005). Defendant anticipates that depositions will be taken in this case and that Defendant may ultimately file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases generally will exceed $50,000, and will often exceed $100,000. Other courts have also noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum."). Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial. Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, emotional distress damages, and potential attorneys' fee award.

23.  Thus, pursuant to 28 U.S.C. §§ 1332 and 1441(a), this state court action may be removed to the United States District Court for the Northern District of California since it is more than likely that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and because there was at the time this action was filed, and there is now, diversity of citizenship between Plaintiff and

Defendant.

**VI.   Notice to the Court and Parties**

24.   Promptly upon filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Alameda, California.

**VII.   Conclusion**

25.   Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, EXEL respectfully requests that this Court exercise its removal jurisdiction over this action.

26.   Accordingly, EXEL removes the above-entitled action to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, EXEL requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

Dated:  January 13, 2022                         FISHER & PHILLIPS LLP

                                                 /S/  *CHRISTOPHER J. BOMAN*
                                          By:   _____
                                                 CHRISTOPHER J. BOMAN
                                                 BORIS SORSHER
                                                 Attorneys for Defendant
                                                 EXEL INC. *DBA* DHL SUPPLY CHAIN (USA)

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446
FP 42711068.1

# PROOF OF SERVICE
## (CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Francisco with the law offices of Fisher & Phillips LLP and its business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

On January 13, 2022, I served the following document(s) NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446 on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Michael J. Reed<br>Attorney at Law<br>60 Creek Tree Lane<br>Alamo, California 94507 | Attorney for Plaintiff<br>STEPHEN BRATSET<br><br>T: (925) 743-8353 \| F: (925) 743-8353<br>E:   mreed10202@aol.com |

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed January 13, 2022, at San Francisco, California.

DOROTHY MJ. WANG  
*Print Name*

By: */S/ Dorothy Mj. Wang*  
*Signature*

CERTIFICATE OF SERVICE

FP 42711068.1