1  Christopher J. Boman (SBN 198798)
   E-Mail: cboman@fisherphillips.com
2  Boris Sorsher (SBN 251718)
   E-Mail:  bsorsher@fisherphillips.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone: (949) 851-2424
5  Facsimile:  (949) 851-0152

6  Olatomiwa T. Aina (SBN 325566)
   E-Mail:  taina@fisherphillips.com
7  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
8  San Francisco, California 94111
   Telephone: (415) 490-9000
9  Facsimile:  (415) 490-9001

10 Attorneys for Defendant
   EXEL INC. *dba* DHL SUPPLY CHAIN (erroneously sued as "DHL Supply
11 Chain")

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14

15 STEPHEN BRATSET,                    Case No: _____

16              Plaintiff,

17       v.                           DECLARATION OF CHRISTOPHER J.
                                      BOMAN IN SUPPORT OF NOTICE OF
18 DHL SUPPLY CHAIN, a business       REMOVAL
   entity from unknown and DOES 1-50,
19                                    (Pursuant to 28 U.S.C. §§ 1332, 1441 and
                                      1446)
20              Defendant.

21                                    Complaint Filed:   08/24/21

22

23       I, CHRISTOPHER J. BOMAN, hereby declare and state as follows:

24       1.    I am an attorney at law, licensed to practice in the State of

25 California and before this Court.  I am a partner with Fisher & Phillips LLP,

26 counsel of record for Defendant EXEL INC. *dba* DHL SUPPLY CHAIN (USA)

27 (erroneously sued as DHL Supply Chain) ("Defendant") in this case and make

28 this Declaration in support of Defendant's Notice of Removal under 28 U.S.C.

                              1
   DECL OF CHRISTOPHER J. BOMAN IN SUPPORT OF DEFS' NOTICE OF REMOVAL

§§ 1332, 1441 and 1446.  All of the information set forth herein is based on my personal and first-hand knowledge except where indicated, and if called and sworn as a witness, I could and would testify competently thereto.

2.     On or about August 24, 2021, Plaintiff filed a state court action against erroneously named defendant "DHL Supply Chain" in Alameda County Superior Court.

3.     On or about November 16, 2021, Plaintiff attempted to serve erroneously named defendant "DHL Supply Chain" at the site location, which was improper service.

4.     On November 22, 2021, I contacted Plaintiff's counsel, Michael Reed, and notified him that Fisher Phillips was counsel for Exel Inc. *dba* DHL SUPPLY CHAIN (USA) ("EXEL") and would be defending it.  Specifically, I explained that EXEL disputed service but would accept service via Notice of Acknowledgement and Receipt.

5.     That same day, Plaintiff's counsel agreed to serve EXEL via Notice of Acknowledgement and Receipt.

6.     On December 1, 2021, Plaintiff provided the requisite service paperwork to EXEL's counsel in California, Christopher J Boman, via Notice of Acknowledgement and Receipt.  A true and correct copy of the complaint and all other papers received by Mr. Boman is attached as **Exhibit "1**." Specifically, counsel provided a copy of the Summons and Complaint and related papers such as notice of judicial assignment and notice of case management conference.

7.     On December 21, 2021, I signed and returned the Notice of Acknowledgement and Receipt, which effectuated service that same day.

8.     Previously, on November 22, 2021, EXEL filed a pre-emptory challenge to the originally assigned judge, the Honorable Julia Spain.  A true and correct copy of the 170.6 challenge is attached hereto as **Exhibit "2**."

DECL OF CHRISTOPHER J. BOMAN IN SUPPORT OF DEFS' NOTICE OF REMOVAL

FP 42711069.1

9.     On November 30, 2021, EXEL's 170.6 challenge was granted and the case was re-assigned to the Honorable Dennis Hayashi. A true and correct copy of order granting EXEL's 170.6 challenge to Judge Spain and re-assigning the state court action to Judge Hayashi is attached hereto as **Exhibit** "**3**."  At the same time, the originally scheduled case management conference on January12, 2022 was re-scheduled for January 24, 2022.

10.     On December 22, 2021, Plaintiff's attorney served a demand letter wherein he itemized the economic and non-economic damages allegedly owed to his client under the theories alleged by Plaintiff in his complaint. A true and correct copy of Plaintiff's December 22, 2021, demand letter is attached hereto as **Exhibit** "**4**." Therein, Plaintiff's counsel requests $175,000.00 for the economic and non-economic damages that are alleged in the action.

11.     Finally, attached hereto as **Exhibit** "**5**" are true and correct copies of miscellaneous filings and orders in the state court action, including a December 1, 2021 proof of service filed by Plaintiff and a December 23, 2021 Case Management Statement filed by Plaintiff in the state court action.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 13th day of January 2022, at Irvine, California.


/S/  *CHRISTOPHER J. BOMAN*

CHRISTOPHER J. BOMAN

DECL OF CHRISTOPHER J. BOMAN IN SUPPORT OF DEFS' NOTICE OF REMOVAL
FP 42711069.1

# EXHIBIT 1

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 122324 | FOR COURT USE ONLY |
|---|---|---|

NAME: Michael J. Reed
FIRM NAME: Law Offices of Michael J. Reed
STREET ADDRESS: 60 CreekTree Lane
CITY: Alamo          STATE: Ca     ZIP CODE: 94507
TELEPHONE NO.: (925) 984-7477     FAX NO.: (734) 468-6168
E-MAIL ADDRESS: mreed10202@aol.com
ATTORNEY FOR (Name): Plaintiff STEPHEN BRATSET

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, Ca. 94612
BRANCH NAME: Renee C. Davidson

Plaintiff/Petitioner: STEPHEN BRATSET
Defendant/Respondent: DHL SUPPLY CHAIN

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER:
RG21110598

TO *(insert name of party being served):* DHL SUPPLY CHAIN, a business entity form unknown

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12/01/2021

Michael J. Reed
(TYPE OR PRINT NAME)

▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

   Notice of Case Management Conference and Order
   Notice of Assignment of Judge For All Purposes

*(To be completed by recipient):*

Date this form is signed: _____

▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DHL SUPPLY CHAIN, a business entity form unknown and DOES 1-50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEPHEN BRATSET

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**ENDORSED FILED ALAMEDA COUNTY**

AUG 2 4 2021

CLERK OF THE SUPERIOR COURT
By_____ GINA FU _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Alameda County Superior Court
1225 Fallon Street, Oakland, Ca. 94612

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |
| RG21110598 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Reed SBN: 122324  60 CreekTree Lane, Alamo, Ca. 94507  (925) 743-8353

| DATE: | AUG 2 4 2021 | Chad Finke | Clerk, by | GINA FU | , Deputy |
| --- | --- | --- | --- | --- | --- |
| *(Fecha)* | | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

1  Michael J. Reed SBN 122324
   Attorney at Law
2  60 CreekTree Lane
   Alamo, California 94507
3  Telephone: (925) 743-8353

4  Attorney for: Plaintiff STEPHEN BRATSET

**ENDORSED**
**FILED**
ALAMEDA COUNTY

AUG 24 2021

CLERK OF THE SUPERIOR COURT
By_____ ~~GINA FU~~ Deputy

5

6                    SUPERIOR COURT OF CALIFORNIA

7                  IN AND FOR THE COUNTY OF ALAMEDA

8

9   STEPHEN BRATSET                    )  Case No.  RG21110598
                                       )
10       Plaintiff,                    )
                                       )
11       vs.                           )  COMPLAINT FOR DAMAGES FOR
                                       )  EMPLOYMENT DISCRIMINATION AND
12  DHL SUPPLY CHAIN, a business entity form )  HARASSMENT (VIOLATION OF FAIR
    unknown and DOES 1-50,             )  EMPLOYMENT AND HOUSING ACT); AND
13                                     )  REQUEST FOR JURY TRIAL
         Defendants.                   )
14                                     )
                                       )
15 _____    )

16 PLAINTIFF, STEPHEN BRATSET ALLEGES AS FOLLOWS:

17                    **INTRODUCTORY ALLEGATIONS**

18 1.    Plaintiff, STEPHEN BRATSET, (hereinafter "plaintiff") is a resident of the City of Salida,

19 California, County of Stanislaus.  Plaintiff was employed by defendant, DHL SUPPLY CHAIN, a business

20 entity form unknown (Hereinafter, "DHL SUPPLY CHAIN").  At the time he was terminated, plaintiff was

21 employed by DHL SUPPLY CHAIN, which has its business address listed at 7364 Marathon Drive,

22 Livermore, California 94550.

23 2.    The true names and/or capacities, whether individual, corporate or associate or otherwise, of a

24 defendant named in this action as Does 1 through 50, inclusive are unknown to plaintiff at this time;

25 therefore, plaintiff sues such defendants by said fictitious names, and plaintiff will amend this complaint to

26

27 COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
   (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL
28

                                    -1-

1  show their true names and capacities upon discovery of same. Plaintiff is informed and believes, and

2  thereon alleges that each of these fictitiously named defendants is responsible in some manner for the

3  occurrences herein alleged and that, plaintiff's injuries as herein alleged were proximately caused by the

4  aforementioned defendants.

5  3.      Plaintiff is informed and believes and thereon alleges that each of the defendants herein was, at all

6  times relevant to this action, the agent, employer, employee, representing partner, joint venturer or successor

7  in interest of the remaining defendants and was acting within the course and scope of that relationship.

8  Plaintiff is further informed and believes and thereon alleges that each of the defendants herein, gave

9  consent to, ratified, and authorized the acts alleged herein of each of the remaining defendants.

10  4.      Plaintiff is informed and believes and thereon alleges that defendant DHL SUPPLY CHAIN was a

11  corporation, qualified to do business in the State of California, doing business in the State of California and

12  as such was subject to the laws of the State of California. At all times material to this complaint, defendant

13  DHL SUPPLY CHAIN was a corporation doing business in the County of Alameda, California. Plaintiff is

14  informed and believes and thereon alleges that defendant DHL SUPPLY CHAIN was, and at times herein

15  mentioned in this complaint, was plaintiff's employer and was responsible in some manner for the acts and

16  occurrences herein alleged.

17  5.      Defendant, DHL SUPPLY CHAIN is an "employer", employing five or more persons, and as such is

18  subject to suit under the California Fair Employment and Housing Act pursuant to California Government

19  Code Section 12926(d).

20  6.      Plaintiff is informed and believes and thereon alleges that this court is the proper court because the

21  injury to plaintiff, STEPHEN BRATSET occurred within its jurisdictional area and the principal place of

22  business of the defendant is located within its jurisdictional area.

23  7.      Plaintiff commenced his employment with and was employed by Defendants continuing through

24  December 27, 2019.

25  8.      At all material times, various employees, whose identities are currently unknown, were supervisory

26  employees of defendant DHL SUPPLY CHAIN and plaintiff's supervisors and in doing the things

27  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
   (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

28

hereinafter alleged said employees were acting as the agents of Defendants and were acting within the course and scope of that relationship.

9.      Throughout the period that plaintiff was employed by DEFENDANTS, DEFENDANTS acting through their agents and plaintiff's managers, supervisors and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of his race and age in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996). During the course of his employment, plaintiff came under the supervision of Defendant's managers and supervisors who subjected plaintiff to differential terms and conditions of employment because of his race and age.  These differential terms and conditions of employment included but were not limited to harassment not experienced by employees who were of a different race and younger than plaintiff, as well as excessive criticism not otherwise directed to employees who were not disabled.  Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, promotions, severance package, retirement package and other benefits, and repeated acts of harassment and discrimination directed at plaintiff which for him created an environmentally hostile work environment and which resulted in his termination on or about December 27, 2019.

10.     Plaintiff is informed and believes and thereon alleges that during the time period between November 21, 2019 and December 10, 2019, plaintiff reported numerous safety concerns at his employment site to one of the two general managers, including but not limited to multiple fluorescent tubes out in numerous picking aisles leaving them close to completely dark, the Anti-Fatigue mats in front of vertical lifting machines were always out of place and all over the place causing a trip and fall hazard which was personally witnessed by plaintiff on multiple occasions, safety Chains that cordon off the walking aisles so that forklifts can access the product above the aisle...were always laying on the ground causing trip and fall hazard, and on one occasion plaintiff witnessed a man coming onto the 3rd shift trip on one and actually become horizontal and land on the ground.

11.     On or about December 10th, plaintiff came to work and parked in the parking lot - if plaintiff arrived

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

early enough plaintiff sought to make friends with the cats there.  Plaintiff was engaged in this practice on the 10th, when another employee drove his car into the parking lot of a neighboring business with his car stereo slamming, and he kept it slamming until I turned on my phone's recorder and went up to his door - then he finally turned it off.

12.     After going into the building and going to this same General Manager and reporting it to him AND showing him my video...I was suspended for a week and told if I'm brought back, I'll get back pay.

13.     Subsequently, plaintiff was contacted by phone for termination on the 27th - not a week, but 17 days later.

14.     Between walking into the building and being told to leave, plaintiff completed three DHL employee complaint forms and made the employer give him copies.

15.     Plaintiff's pay rate per hour on his pay stubs is $19 flat; although the job was previously advertised to be $19.50 per hour and the employer presently advertises the job's pay rate to be $20.50.

## FIRST CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET'S First Cause of Action for Employment Discrimination on The Basis of Age, Violation of Fair Employment and Housing Act against Defendant DHL SUPPLY CHAIN and DOES 1-50)**

16.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 15.

17.     Throughout the period that plaintiff was employed by DHL SUPPLY CHAIN, DHL SUPPLY CHAIN acting through its agents and plaintiff's managers, supervisors, co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of his age in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900-12996)

18.     During the time plaintiff was employed by DHL SUPPLY CHAIN he was discriminated against and harassed with respect to the terms, conditions, and privileges of his employment because of his age.  Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, transfer,

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

promotions, severance package, retirement package and other benefits, and repeated acts of harassment and discrimination directed at plaintiff which for him created an environmentally hostile work environment and which resulted in his termination on or about December 27, 2019. Plaintiff is informed and believes and thereon alleges that he would not have been subjected to this abuse if he were not over the age of 40.

19.     During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during the course of plaintiff's employment.

20.     Plaintiff was treated in a disparate manner and subjected to DHL SUPPLY CHAIN's unfair policies and practices in that plaintiff was treated unequal and unlike employees outside of plaintiff's protected classifications. Said unfair policies and practices both limited plaintiff in his job classifications, job assignments and other benefits.

21.     As a result of DHL SUPPLY CHAIN's policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his age.

22.     DHL SUPPLY CHAIN's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of age in violation of the Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

23.     During the aforementioned dates, DHL SUPPLY CHAIN also subjected plaintiff to differential treatment. DHL SUPPLY CHAIN made its employment decisions related to the imposition of discipline solely on the basis of improper consideration of the employee's age, and completely subjective analysis in willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc. No fair and objective standards were used for decisions related to the imposition of discipline. DHL SUPPLY CHAIN's decision-making process related to discipline was a primary source of discrimination which resulted in an improper denial of advancement opportunities to employees over the age of 40 including plaintiff.

24.     As a further proximate result of DHL SUPPLY CHAIN's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

25.     As a proximate result of DHL SUPPLY CHAIN's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of DHL SUPPLY CHAIN, and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial compensable losses are in amounts not fully ascertained.

26.     On or about March 18, 2020, and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

27.     On or about March 18, 2020, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

28.     Thereafter on or about March 23, 2020, the JUDICIAL COUNCIL OF CALIFORNIA issued its STATEWIDE ORDER BY HON. TANI G. CANTIL-SAKAUYE, CHIEF JUSTICE OF CALIFORNIA AND CHAIR OF THE JUDICIAL COUNCIL MARCH 23, 2020 which recited the following:

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

"The World Health Organization, the United States Centers for Disease Control and Prevention (CDC), and the State of California have recognized that the world, country, and state face a life-threatening pandemic caused by the COVID-19 virus. As of March 23, 2020, the CDC reported that there are more than 40,000 confirmed COVID-19 cases in the United States, and more than 500 deaths. In California, the Department of Public Health reports more than 1,700 confirmed cases and more than 30 deaths. Health officials expect these figures to rise dramatically unless the population adheres to shelter-in-place guidelines and appropriate social distancing. As of this date, there is no known cure or vaccination.

In response to the spread of COVID-19, Governor Newsom on March 4, 2020, declared a state of emergency in California, which was followed on March 13, 2020, by President Trump declaring a national emergency. Beginning on March 16, 2020, California counties began issuing shelter-in-place or stay-at-home orders. On March 19, 2020, Governor Newsom issued Executive Order N-33-20, requiring all Californians to stay home, subject to certain limited exemptions. Courts are included in this exemption. Schools have been closed statewide.

The CDC, the California Department of Public Health, and local county health departments have recommended increasingly stringent social distancing measures of at least six feet between people and encouraged vulnerable individuals to avoid public spaces.

Courts cannot comply with these health restrictions and continue to operate as they have in the past. Court proceedings require gatherings of court staff, litigants, attorneys, witnesses, and juries, well in excess of the numbers allowed for gathering under current executive and health orders. Many court facilities in California are ill-equipped to effectively allow the social distancing and other public health requirements required to protect people involved in court proceedings and prevent the further spread of COVID-19. Even if court facilities could allow for sufficient social distancing, the closure of schools means that many court employees, litigants, witnesses, and potential jurors cannot leave their homes to attend court proceedings because they must stay home to supervise their children. These restrictions have also made it nearly impossible for courts to assemble juries.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

Pursuant to my authority under the California Constitution, article VI, section 6 and Government Code section 68115, and after careful consideration, balancing the constitutional due process rights of parties in both criminal and civil proceedings with the health and safety of these parties, the public, court staff, judicial officers, attorneys, witnesses, jurors, and others present at these proceedings, among other considerations,."

29.     Thereafter, on April 6, 2020, the California Judicial Council held its second emergency meeting to address issues arising in the California court system as a result of the COVID-19 pandemic. The Judicial Council, led by Chief Justice of the California Supreme Court Tani Cantil-Sakauye passed 11 emergency rules, including Emergency Rule 9, which tolls the statute of limitations for all civil causes of action, beginning on April 6, 2020 and ending 90 days after the governor declares the statewide state of emergency related to COVID-19 is lifted.

30.     Thereafter, in or about June 2020, the California Judicial Council amended <u>Emergency Rule 9</u> of the California Rules of Court and the amended <u>Emergency Rule 9</u> created two tolling periods depending on the length of the pertinent statute of limitation.  Under Rule 9(a), statutes of limitations that exceed 180 days are tolled from April 6, 2020, until October 1, 2020.

31.     This complaint has been filed within one year of PLAINTIFF's receipt of the Notification of Right to Sue and considering the application of the various Covid-19 emergency orders addressed in paragraphs 27 through 30, affecting the time within which civil causes of action were to be filed.

32.     The unlawful employment practices complained of above were intentional.

## SEOND CAUSE OF ACTION

### (Plaintiff STEPHEN BRATSET'S Second Cause of Action for Age Harassment, Violation of Fair Employment and Housing Act against Defendant DHL SUPPLY CHAIN and DOES 1-50)

33.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 32.

34.     At all times mentioned in this complaint, Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections require defendants to refrain from discriminating

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1    against and harassing any employee on the basis of age, among other things.  Within the time provided by

2    law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full

3    compliance with these sections, and received a right–to–sue letter.

4    35.    During the course of plaintiff's employment, defendants created and allowed to exist an

5    environmentally hostile environment based on age; and defendants discriminated against and harassed

6    plaintiff on the basis of plaintiff's age.  Such discrimination and harassment was in violation of Government

7    Code section 12940 et seq. and the public policy embodied therein, and has resulted in damage and injury to

8    plaintiff as alleged herein.

9    36.    As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer

10   humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum

11   according to proof.

12   37.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently

13   unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint

14   when the amounts are more fully known.

15                                   **THIRD CAUSE OF ACTION**

16   **(Plaintiff STEPHEN BRATSET's Third Cause of Action for Employment Discrimination on The**
     **Basis of Race and National Origin, Violation of Fair Employment and Housing Act against defendant**
17                              **DHL SUPPLY CHAIN and DOES 1-50)**

18   38.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the

19   allegations, and each of them, contained in paragraphs 1 through 37.

20   39.    Plaintiff is informed and believes and thereon alleges that throughout the period that plaintiff was

21   employed by DHL SUPPLY CHAIN, DHL SUPPLY CHAIN acting through its agents and plaintiff's

22   managers, supervisors and co-workers and others engaged in intentional acts with the intent of

23   discriminating against and harassing plaintiff on account of his race and national origin (Caucasian male) in

24   violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900-

25   12996).

26

27   COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
     (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

28

40.     Plaintiff is informed and believes and thereon alleges that during the time plaintiff was employed by DHL SUPPLY CHAIN, he was discriminated against with respect to the terms, conditions, and privileges of his employment because of his race and national origin as follows:  During the course of his employment, plaintiff came under the supervision of defendant's managers and supervisors who subjected plaintiff to differential terms and conditions of employment because of his race.  These differential terms and conditions of employment included but were not limited to harassment not experienced by employees whose race and national origin were different than that of plaintiff, as well as excessive criticism not otherwise directed to employees whose race and national origin were different than that of plaintiff.  Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, promotions and other benefits, and repeated acts of harassment and discrimination directed at plaintiff which for him created an environmentally hostile work environment.

41.     During the aforementioned dates, DHL SUPPLY CHAIN also subjected plaintiff to differential treatment including biased evaluations and denied him equal opportunities for advancement and promotions because of his race and national origin.  DHL SUPPLY CHAIN made its employment decisions related to advancement, promotion and discipline on the basis of completely subjective analysis, in willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc.  No objective standards were used for recruitment, hiring, discipline and promotion.  DHL SUPPLY CHAIN's decision-making process related to advancement, promotion and discipline was a primary source of discrimination which resulted in an improper denial of advancement opportunities to Caucasian employees and in particular to plaintiff.

42.     DHL SUPPLY CHAIN knew or should have known of these harassing and discriminatory actions because plaintiff's managers, supervisors and co-workers and others' discriminatory and harassing behavior was brought directly to the attention of DHL SUPPLY CHAIN.  Despite DHL SUPPLY CHAIN's actual and constructive knowledge of the above-mentioned harassment, and the knowledge of its supervisors and agents, DHL SUPPLY CHAIN failed to take immediate and appropriate corrective action to stop the

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

discrimination and harassment. Furthermore, before the harassment occurred DHL SUPPLY CHAIN failed to take all reasonable steps to prevent such harassment and discrimination from occurring.

43.    Plaintiff dreaded working in this environmentally hostile and discriminatory environment and was under constant stress. This constant pattern of harassment and discrimination caused plaintiff to suffer constant severe emotional distress including but not limited to fright, shock, nervousness, anxiety, worry, grief, stress, indignity, apprehension, and fear. Plaintiff's ability to perform his job was severely impacted by the behavior of defendant's managers and supervisors.

44.    During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during the course of plaintiff's employment.

45.    Dung the course of plaintiff's employment with DHL SUPPLY CHAIN he complained to DHL SUPPLY CHAIN about DHL SUPPLY CHAIN's managers', supervisors', co-workers' and others' discriminatory and harassing behavior towards him and complained about DHL SUPPLY CHAIN's environmentally hostile and offensive environment. On or about December 27, 2019, DHL SUPPLY CHAIN discharged plaintiff for his alleged violation of policies.

46.    Plaintiff as a Caucasian male was treated in a disparate manner and subjected to DHL SUPPLY CHAIN's unfair policies and practices in that plaintiff was treated unequal and unlike employees whose race and national origin were different than that of plaintiff. Said unfair policies and practices both limited plaintiff in his job classifications, job assignments and other benefits, because of plaintiff's race, and further resulted in his discharge from employment on or about December 27, 2019.

47.    DHL SUPPLY CHAIN denied equal employment opportunities to plaintiff because of plaintiff's race, to wit:

A.    The reason given for plaintiff's discharge was a mere pretext for unlawful discrimination.

B.    DHL SUPPLY CHAIN did not discharge or discipline similarly situated employees whose race and national origin were different than that of plaintiff who committed similar or more serious policy violations.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

48.     As a result of DHL SUPPLY CHAIN's policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his race.  As a direct and proximate result of DHL SUPPLY CHAIN's acts, plaintiff has suffered great and irreparable economic and other loss.

49.     DHL SUPPLY CHAIN's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of race in violation of the Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

50.     As a proximate result of DHL SUPPLY CHAIN's discriminatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received had he not been terminated.  As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

51.     As a further proximate result of DHL SUPPLY CHAIN's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

52.     As a proximate result of DHL SUPPLY CHAIN's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions,  deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of DHL SUPPLY CHAIN, losses incurred seeking substitute employment and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits,  the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

compensable losses are in amounts not fully ascertained.

53.    On or about March 18, 2020, and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

54.    On or about March 18, 2020, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

## FOURTH CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET's Fourth Cause of Action for Wrongful Discharge in Violation of Public Policy against Defendants DHL SUPPLY CHAIN and DOES 1-50)**

55.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 54.

56.    Plaintiff entered employment with defendants and duly performed all of the conditions of his employment.

57.    At all times mentioned in the complaint, California Constitution Article I Section 8 was in full force and effect and was binding on DEFENDANTS.  This section required DEFENDANTS to refrain from discriminating against any employee on the basis of race or age.

58.    Plaintiff is informed and believes and thereon alleges that his age or race, creed, color or national or ethnic origin was a factor in DEFENDANTS 's discriminatory and harassing treatment of him which consisted of, but was not limited to retaliation against plaintiff and DEFENDANTS's decision to terminate him.  Such discrimination is in violation of the public policy of the State of California as reflected in California Constitution Article I, Section 8, and has resulted in damages and injury to plaintiff as alleged herein.

59.    DEFENDANTS' actions violated the provisions of the Fair Employment and Housing Act (FEHA) (Government Code §§12900-12966).  Such discrimination is in violation of the public policy of the State of

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

California as reflected in California FEHA, and has resulted in damages and injury to plaintiff as alleged herein.

60.     The actions alleged in Paragraphs 1- 84 above, specifically the fact that plaintiff was subjected to disability discrimination and harassment by DEFENDANTS caused plaintiff to be wrongfully discharged from his employment in violation of public policy. Plaintiff was in essence effectively discharged in retaliation for attempting to exercise his fundamental right to be free from disability discrimination and harassment.

61.     As a proximate result of the wrongful discharge of plaintiff, plaintiff has become so severely emotionally distressed and physically ill all to plaintiff's damage in an amount according to proof.

## FIFTH CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET's Fifth Cause of Action for Retaliation, Violation of Fair Employment and Housing Act against Defendants DHL SUPPLY CHAIN and DOES 1-50)**

62.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 61.

63.     During the course of plaintiff's employment with DEFENDANTS, he complained to DEFENDANTS about DEFENDANTS' managers', supervisors', co-workers' and others' unfair, discriminatory and harassing behavior towards him and complained about DEFENDANTS' environmentally hostile and offensive environment. On or about December 27, 2019, Defendants retaliated against plaintiff for making these complaints by terminating his employment with DEFENDANTS.

64.     DEFENDANTS' treatment of plaintiff was in violation of Government Code section 12940(h). Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing (hereafter, DFEH) against all named defendants and received a right to sue letter.

65.     As a proximate result of DEFENDANTS' retaliatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, deferred compensation and other employment benefits; injuries to plaintiff's protected property interests; general damage to plaintiff's reputation; loss due

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

to stigma; injury to plaintiff's property, business, trade, profession and occupation; the expenses plaintiff has incurred mitigating the conduct of DEFENDANTS ; deferred compensation and other employment benefits; the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action; interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits; the interest on borrowed money; the value of plaintiff's time in prosecuting this action; the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses; other incidental expenses; and other special and general damages. Plaintiff's substantial compensable losses are in amounts not fully ascertained.

66.     As a further proximate result of DEFENDANTS' retaliatory actions against plaintiff as alleged above and the acts, omissions and conduct of DEFENDANTS, plaintiff has suffered, and continues to suffer, embarrassment, mortification, indignity and humiliation and severe physical, mental and emotional distress and discomfort and irreparable injury to his business reputation, all to his detriment and damage in amounts not fully ascertained, and for which plaintiff has been forced to seek personal, medical and related care and treatment and plaintiff has incurred and will continue to incur, expenses therefore.

67.     On or about March 18, 2020, and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

68.     On or about March 18, 2020, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

## SIXTH CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET's s Sixth Cause of Action against Defendant DHL SUPPLY CHAIN Constructive Discharge in Violation of Public Policy – Plaintiff Required to Violate Public Policy)**

69.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

70.     Plaintiff was constructively discharged from his employment with Defendants for reasons that violate public policy including, but not limited to, requiring Plaintiff to engage in unsafe activity, as alleged herein, in order to remain employed by Defendants, and for Plaintiff reporting in good faith the working conditions he believed to be unsafe.

71.     Defendants' requirement that Plaintiff engage in unsafe activity, as alleged herein, in order to remain employed by Defendants was so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.  Plaintiff did in fact resign as a result of Defendants' conduct as alleged herein.

72.     As alleged herein, Plaintiff was subjected to working conditions that violated public policy, in that he was forced to engage in unsafe activity in order to remain employed by Defendants.  Defendants intentionally created or knowingly permitted these unsafe working conditions to exist.  The conditions under which Plaintiff was forced to work were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

73.     As a legal and proximate result of Defendants' conduct as alleged hereinabove, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

74.     As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

75.     The above-recited actions of Defendants were done with malice, fraud and oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to seek

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

and does seek punitive damages in an amount according to proof against Defendants pursuant to California Civil Code section 3294 and to the extent permitted by law.

### SEVENTH CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET's Seventh Cause of Action against Defendant DHL SUPPLY CHAIN; Constructive Discharge in Violation of Public Policy – Plaintiff Required to Endure Intolerable Conditions for Improper Purpose That Violate Public Policy)**

76.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

77.     Plaintiff further alleges that throughout the time of his employment Defendants intentionally created / or knowingly permitted / or allowed these unsafe working conditions to exist at plaintiff's job sites that directly affected the health and safety of its employees including plaintiff working at those job sites.  These unsafe and unhealthy working conditions included but were not limited to the conditions identified in the preceding paragraphs.

78.     Plaintiff was subjected to working conditions that violated public policy, in that throughout the time of his employment with Defendants, plaintiff was treated intolerably for having made good faith complaints to upper-level Defendant owners, managers and supervisors regarding the unhealthy and unsafe working conditions he observed, and which he believed he was subjected to.  Throughout his employment plaintiff refused to participate in, countenance, acquiesce or tolerate the unsafe working conditions described above. As a result of plaintiff reporting the unsafe working conditions described above to management plaintiff ultimately was constructively terminated from his employment with Defendants.

79.     Defendants' wrongful discharge of plaintiff was in violation of well-established public policies that prohibit an employer from retaliating against those employees who in good faith report working conditions they believe to be unsafe as set forth in California Labor Code § 6310.

80.     Plaintiff was constructively discharged from his employment with Defendants for reasons that violate public policy including, but not limited to, those allegations as set forth in the Statement of Facts included hereinabove and, specifically, his having been treated intolerably for having made good faith

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1    complaints to upper-level Defendant owners, managers and supervisors regarding the unhealthy and unsafe

2    working conditions he observed, and which he believed he was subjected to.

3    81.    The working conditions set forth above were so intolerable that a reasonable person in Plaintiff's

4    position would have had no reasonable alternative except to resign. Plaintiff did in fact resign as a result of

5    Defendants' conduct as alleged herein.

6    82.    As alleged herein, Plaintiff was subjected to working conditions that violated public policy, in that

7    Plaintiff was treated intolerably for having made good faith complaints to upper-level Defendant owners,

8    managers and supervisors regarding the unhealthy and unsafe working conditions he observed, and which

9    he believed he was subjected to.  Defendants intentionally created or knowingly permitted these working

10   conditions. The conditions under which Plaintiff was forced to work were so intolerable that a reasonable

11   person in Plaintiff's position would have had no reasonable alternative except to resign.

12   83.    As a legal and proximate result of Defendants' conduct as alleged hereinabove, Plaintiff has been

13   harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff

14   would have received but for the aforementioned conduct including future wages and benefits that Plaintiff

15   would have earned for the length of time the employment with Defendants was reasonably certain to

16   continue. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount

17   according to proof at trial.

18   84.    As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been

19   harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

20   As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to

21   proof at trial.

22   85.    The above-recited actions of Defendants were done with malice, fraud and oppression, and in

23   conscious, despicable and reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to seek

24   and does seek punitive damages in an amount according to proof against Defendants pursuant to California

25   Civil Code section 3294 and to the extent permitted by law.

26

27   COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
     (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

28

**EIGHTH CAUSE OF ACTION**

**(Plaintiff STEPHEN BRATSET's Eighth Cause of Action against Defendant DHL SUPPLY CHAIN; Wrongful Termination in Violation of Labor Code, Cal. Labor Code § 6311)**

86.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

87.     California Labor Code section 6311 states that, "no employee shall be laid off or discharged for refusing to perform work in the performance of which this code, including Section 6400, any occupational safety or health standard or any safety order of the division or standards board will be violated, where the violation would create a real and apparent hazard to the employee or his or her fellow employees. Any employee who is laid off or discharged in violation of this section or is otherwise not paid because he or she refused to perform work in the performance of which this code, any occupational safety or health standard or any safety order of the division or standards board will be violated and where the violation would create a real and apparent hazard to the employee or his or her fellow employees shall have a right of action for wages for the time the employee is without work as a result of the layoff or discharge."

88.     As set forth hereinabove, Plaintiff, at the command of Defendants, was forced to engage in unsafe in violation of California Labor Code section 6311.

89.     Defendants conduct as alleged herein, created a real and apparent hazard and caused harm thereby to Plaintiff.

90.     As a legal and proximate result of Defendants conduct as alleged hereinabove, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

91.     As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1  As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to

2  proof at trial.

3  92.    The above-recited actions of Defendants were done with malice, fraud and oppression, and in

4  conscious, despicable and reckless disregard of Plaintiff's rights.  Accordingly, Plaintiff is entitled to seek

5  and does seek punitive damages in an amount according to proof against Defendants pursuant to

6  California Civil Code section 3294 and to the extent permitted by law.

7  **NINTH CAUSE OF ACTION**

8  **(Plaintiff STEPHEN BRATSET's Ninth Cause of Action against Defendant DHL SUPPLY CHAIN; Wrongful Termination in Violation of Labor Code, Cal. Labor Code § 6310)**

9
10  93.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in

paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth
11
herein.
12
94.    Plaintiff further alleges that throughout the time of his employment Defendants intentionally created
13
/ or knowingly permitted / or allowed these unsafe working conditions to exist at plaintiff's job sites that
14
directly affected the health and safety of its employees including plaintiff working at those job sites.  These
15
unsafe and unhealthy working conditions included but were not limited to the conditions identified in the
16
preceding paragraphs.
17
95.    Plaintiff was subjected to working conditions that violated public policy, in that throughout the time
18
of his employment with Defendants, plaintiff was treated intolerably for having made good faith complaints
19
to upper-level Defendant owners, managers and supervisors regarding the unhealthy and unsafe working
20
conditions he observed, and which he believed he was subjected to.  Throughout his employment plaintiff
21
refused to participate in, countenance, acquiesce or tolerate the unsafe working conditions described above.
22
As a result of plaintiff reporting the unsafe working conditions described above to management plaintiff
23
ultimately was terminated from his employment with Defendants.
24
96.    Defendants' wrongful discharge of plaintiff was in violation of well-established public policies that
25
26
27  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL
28

prohibit an employer from retaliating against those employees who in good faith report working conditions they believe to be unsafe as set forth in California Labor Code § 6310.

97.    As a legal and proximate result of Defendants conduct as alleged hereinabove, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

98.    As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

99.    As a proximate result of Defendant's retaliatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred compensation and other employment benefits; injuries to plaintiff's protected property interests; general damage to plaintiff's reputation; loss due to stigma; injury to plaintiff's property, business, trade, profession and occupation; the expenses plaintiff has incurred mitigating the conduct of Defendant; deferred compensation and other employment benefits; the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action; interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits; the interest on borrowed money; the value of plaintiff's time in prosecuting this action; the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses; other incidental expenses; and other special and general damages. Plaintiff's substantial compensable losses are in amounts not fully ascertained.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

100.    The above-recited actions of Defendants were done with malice, fraud and oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights.  Accordingly, Plaintiff is entitled to seek and does seek punitive damages in an amount according to proof against Defendants pursuant to California Civil Code section 3294 and to the extent permitted by law.

## TENTH CAUSE OF ACTION

### (Plaintiff STEPHEN BRATSET's Tenth Cause of Action against Defendant DHL SUPPLY CHAIN; Breach of Implied in Fact Contract)

101.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

102.    Defendants promised, by words or conduct, that Plaintiff would only be discharged or demoted for good cause.

103.    Defendants' requirement that Plaintiff engage in unsafe activities in order to remain employed by Defendants constitutes Defendants' failure to perform under, and breach of, the implied contract entered into by and between the parties. Also, Defendant promised, by words or conduct, to discharge Plaintiff only for good cause and breached that promise by discharging Plaintiff for reporting the offensive, improper, unsafe and illegal conduct of Defendants and for refusing to engage in such conduct.

104.    As a result of Defendants' breach of the employment contract, Plaintiff has suffered monetary damages.

105.    As a direct, foreseeable and proximate result of the above actions, Plaintiff has been harmed in that he has suffered the loss of wages, salary, benefits including front and back pay, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue.

## ELEVENTH CAUSE OF ACTION

### (Plaintiff's Eleventh Cause of Action against Defendant DHL SUPPLY CHAIN; Breach of Employment Contract)

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

106.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

107.   Plaintiff and Defendants entered into an employment relationship. Defendants promised, by words or conduct, that Plaintiff would only be discharged or demoted for good cause.

108.   Plaintiff substantially performed his job duties except for the performance of any duties which were excused.

109.   Defendants discharged Plaintiff without good cause.

110.   As a result of Defendants breach of the employment contract, Plaintiff has suffered monetary damages.

111.   As a direct, foreseeable and proximate result of the above actions, Plaintiff has been harmed in that he has suffered the loss of wages, salary, benefits including front and back pay, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue.

## TWELFTH CAUSE OF ACTION

**(Plaintiff's Twelfth Cause of Action against Defendant DHL SUPPLY CHAIN; Unlawful Retaliation, Violation of Cal. Labor Code § 1102.5)**

112.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

113.   Plaintiff refused to engage in the unsafe and potentially illegal activities as alleged hereinabove and, in fact, reported such activities to senior company officials employed by Defendants. In response to such refusal and complaining, Plaintiff was routinely not called in to work ultimately culminating in his discharge.

114.   Plaintiff's repeated complaining and refusal to engage in such activities was a motivating reason for Defendants' decision to not call Plaintiff into work ultimately culminating in his discharge.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

115.   California Labor Code section 1102.5 specifically states that "an employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute ..."   Defendants insisted that Plaintiff participate in the unsafe and potentially illegal activities as alleged hereinabove, and upon his complaining or express refusal, he was summarily sent home and kept out of work.

116.   Labor Code section 1102.5(b) provides, in relevant part, that:

"No employer shall retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal statute."

117.   Labor Code section 1103 makes a violation of Labor Code section 1102.5 a misdemeanor.

118.   In discharging Plaintiff, Defendants have violated Labor Code section 1102.5.

119.   Plaintiff was harmed as a result of Defendants' conduct.

120.   Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

121.   As a direct, foreseeable and proximate result of the above actions, Plaintiff has been harmed in that he has suffered the loss of wages, salary, benefits including front and back pay, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue.

122.   As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

123.   The above-recited actions of Defendants were done with malice, fraud and oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to seek and does seek punitive damages in an amount according to proof against Defendants pursuant to California Civil Code section 3294 and to the extent permitted by law.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

**THIRTEENTH CAUSE OF ACTION**

**(Plaintiff STEPHEN BRATSET's Thirteenth Cause of Action against Defendant DHL SUPPLY CHAIN; Breach of the Implied Covenant of Good Faith and Fair Dealing)**

124.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

125.    Plaintiff entered into an employment relationship with Defendants.

126.    Plaintiff substantially performed all of his job duties except for the performance of any duties which were excused.

127.    Defendants' requirement that Plaintiff engage in unsafe and potentially illegal activities, as set forth hereinabove, in order to continue his employment with Defendants, constitutes a failure to act fairly and in good faith.

128.    As a legal and proximate result of Defendants' conduct as alleged hereinabove. Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue.  As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

129.    As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

130.    The above-recited actions of Defendants were done with malice, fraud and oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to seek and does seek punitive damages in an amount according to proof against Defendants pursuant to California Civil Code section 3294 and to the extent permitted by law.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

**FOURTEENTH AUSE OF ACTION**

**(Plaintiff STEPHEN BRATSET's Fourteenth Cause of Action for Violation of California Government Code Section 12940(k) against Defendants DHL SUPPLY CHAIN and DOES 1-50)**

131.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

132.    At all times mentioned in this complaint, Government Code section 12940(k) was in full force and effect and was binding on defendants.  This subsection requires defendants to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  As alleged above, defendants violated this subsection by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  Within the time provided by law, plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right–to–sue letter.

133.    As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

134.    Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

135.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, plaintiff prays for judgment as follows:

1.      Compensatory damages for back pay, according to proof,

2.      Compensatory damages for physical and emotional injuries and accompanying pain and suffering, according to proof,

3.      For medical and related expenses according to proof,

4.      For loss of earnings according to proof,

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1    5.    For compensatory damages for disability discrimination according to proof,

2    6.    For reasonable attorney fees, and for costs of suit incurred

3    7.    For exemplary damages; and

4    8.    For such other and further relief as the Court may deem proper and just.

5                              **REQUEST FOR JURY TRIAL**

6    Plaintiff STEPHEN BRATSET requests a trial by jury on all causes of action.

7

8    Dated: August 23, 2021                    _____

9                                              Michael J. Reed
                                               Attorney for Plaintiff, STEPHEN BRATSET

10   (D575.002 ND)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
     (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL
28

                                               -27-

Attorney at Law
Attn: Reed, Michael J.
60 CreekTree Lane
Alamo, CA   94507_____

## Superior Court of California, County of Alameda

| Bratset | No. RG21110598 |
|---|---|
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| DHL Supply Chain | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **01/12/2022** Time: **09:30 AM** | Department: **520** Location: **Hayward Hall of Justice** **3rd Floor** **24405 Amador Street, Hayward  CA  94544** Internet: **www.alameda.courts.ca.gov** | Judge: **Julia Spain** Clerk: **Danielle Labrecque** Clerk telephone: **(510) 690-2729** E-mail: **Dept520@alameda.courts.ca.gov** Fax: **(510) 267-1531** |
|---|---|---|

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/27/2021.

By _____

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG21110598
Case Title:     Bratset VS DHL Supply Chain
Date of Filing: 08/24/2021

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Julia Spain** |
| **Department:** | **520** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward  CA  94544** |
| **Phone Number:** | **(510) 690-2729** |
| **Fax Number:** | **(510) 267-1531** |
| **Email Address:** | **Dept520@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

Counsel(s) are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar Association (www.acbanet.org).

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY

OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Julia Spain
DEPARTMENT 520

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's website also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Appearances by attorneys not counsel of record are not permitted except for good cause shown. (Non-emergency scheduling conflicts are not good cause). Any appearing counsel must have full authority to make decisions on a case.

All references to counsel apply equally to self-represented parties and all must comply with all the rules cited in this Notice. Parties are reminded that the dept. clerk is prohibited from giving legal advice. Self-represented parties are encouraged to use the Self-Help Center at the Hayward Hall of Justice, 24405 Amador St., Dept. 501, Hayward.

Email is the best method of communicating with court staff. Email address for counsel or self-represented litigants must be listed in the caption of all filed papers, as required by CRC 2.111(1). All email communications must be copied to all parties for whom an email address is available. Pleadings/documents shall not be transmitted via email.

**Schedule for Department 520**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays, Tuesdays, Thursdays and Fridays, beginning at 9:30 a.m.

- Trial Readiness Conferences are held 2 weeks prior to trial date. Compliance with Local Rule 3.35 and personal appearance of trial counsel is required.

- Case Management Conferences are held: Wednesdays at 9:30 a.m. Timely filed and complete CMC Statements with courtesy copy to Dept. 520 are required. The

court will usually publish a Tentative Case Management Order.  Check DOMAIN to see if Order waives CMC appearance.

- Law and Motion matters are heard:  Wednesdays and Thursdays at 2:00 p.m.; Litigants must contact the dept. clerk to reserve a date before filing any law and motion matter. See further procedures below.

- Settlement Conferences are heard:  Court resources are limited. Counsel are encouraged to consider alternative dispute resolution. Conferences will be specially set as appropriate.

- Ex Parte matters are heard:  On written applications only on Mondays - Thursdays. Email Dept. 520 to request date.  Moving party must give 48 hours prior notice to opponent advising written opposition must be filed and courtesy copy delivered to Dept. 520 within 24 hours.

- Check Domain, Dept. 520 webpage, click on "List of Documents" for other useful materials.

- DISCOVERY DISPUTES: Parties must exhaust Meet and Confer requirements before contacting the court for a hearing date.  No Motion to Compel Discovery will be scheduled until after the parties complete an informal discovery resolution process thru the court.   Email the dept. for a date and further details before preparing any Motion to Compel.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        dept520@alameda.courts.ca.gov

  Please provide: 1) Name of case; 2) Case number; 3) Title of motion; 4) Moving party; 5) Name of Responding Party's Counsel and email address.

- Ex Parte Matters
  Email:        dept520@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 520
- Phone:  1-866-223-2244

Dated:  08/26/2021

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/27/2021

By

Deputy Clerk

**EXHIBIT 2**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/22/2021 at 03:36:01 PM**
By: Suzanne Pesko, Deputy Clerk

1    Christopher J. Boman (SBN 198798)
     E-Mail: cboman@fisherphillips.com
2    Boris Sorsher (SBN 251718)
     E-Mail: bsorsher@fisherphillips.com
3    FISHER & PHILLIPS LLP
     2050 Main Street, Suite 1000
4    Irvine, California 92614
     Telephone: (949) 851-2424
5    Facsimile: (949) 851-0152

6    Olatomiwa T. Aina (SBN 325566)
     E-Mail: taina@fisherphillips.com
7    FISHER & PHILLIPS LLP
     One Embarcadero Center, Suite 2050
8    San Francisco, California 94111
     Telephone: (415) 490-9000
9    Facsimile: (415) 490-9001

10   Attorneys for Defendant
     Exel Inc. *dba* DHL SUPPLY CHAIN (erroneously sued
11   as "DHL SUPPLY CHAIN")

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                        FOR THE COUNTY OF ALAMEDA

14

15   STEPHEN BRATSET,                          CASE NO.:  [RG21110598]
                                                *[Unlimited Jurisdiction]*
16                     Plaintiff,
                                               *Assigned for all purposes to the Honorable Julia*
17          v.                                 *Spain, Dept. 520*

18   DHL SUPPLY CHAIN, a business entity       **DEFENDANT EXEL INC. DBA DHL**
     from unknown and DOES 1-50,               **SUPPLY CHAIN'S C.C.P. SECTION 170.6**
19                                             **PEREMPTORY CHALLENGE;**
                                               **DECLARATION OF CHRISTOPHER J.**
20                     Defendant.              **BOMAN IN SUPPORT THEREOF**

21                                             Complaint Filed: 08/24/21
                                               Trial Date:      None Set

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27              TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

28

---

1        Pursuant to California *Code of Civil Procedure* Section 170.6, Defendant EXEL INC.

2   *dba* DHL SUPPLY CHAIN (*erroneously named as "DHL"*) hereby moves to disqualify the

3   Honorable Julia Spain from presiding over this action. This motion is support by the declaration

4   of Christopher J. Boman.

5

6   DATE:  November 22, 2021           FISHER & PHILLIPS LLP

7

8                                       By:

9                                         CHRISTOPHER J. BOMAN

10                                        BORIS SORSHER
       OLATOMIWA T. AINA Attorneys for Defendant
       EXEL INC. *dba* DHL SUPPLY CHAIN

11                                        (erroneously named as "DHL")

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXEL INC. DBA DHL SUPPLY CHAIN'S C.C.P. SECTION 170.6 PEREMPTORY CHALLENGE;
DECLARATION OF CHRISTOPHER J. BOMAN IN SUPPORT THEREOF**

FP 42368539.1

1

## DECLARATION OF CHRISTOPHER J. BOMAN

2    I, CHRISTOPHER J. BOMAN, hereby declare and state as follows:

3    1.    I am an attorney at law duly licensed to practice before all courts in the State of

4 California. I am a partner with Fisher & Phillips LLP, counsel of record for Defendant EXEL

5 INC. *dba* DHL SUPPLY CHAIN (*erroneously named as "DHL"*) ("Defendant").  Based on my

6 personal knowledge, I assert the facts set forth herein and, if called as a witness, I could and

7 would competently testify thereto.

8    2.    The Honorable Julia Spain, the judge to whom this action has been assigned for

9 all purposes, including trial, is prejudiced against Defendant and/or its counsel, or the interests

10 of Defendant or its counsel, so that they cannot, or they believe that they cannot, have a fair and

11 impartial trial or hearing before such judge.

12    I declare under penalty of perjury, under the laws of the State of California, that the

13 foregoing is true and correct.

14    Executed on November 22, 2021, at Irvine, California.

15

16

17    _____

18    CHRISTOPHER J. BOMAN
     Declarant

19

20

21

22

23

24

25

26

27

28

**EXEL INC. DBA DHL SUPPLY CHAIN'S C.C.P. SECTION 170.6 PEREMPTORY CHALLENGE;
DECLARATION OF CHRISTOPHER J. BOMAN IN SUPPORT THEREOF**

FP 42368539.1

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Francisco with the law offices of Fisher & Phillips LLP and its business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

On **November 22, 2021**, I served the following document(s) **DEFENDANT EXEL INC. DBA DHL SUPPLY CHAIN'S C.C.P. SECTION 170.6 PEREMPTORY CHALLENGE; DECLARATION OF CHRISTOPHER J. BOMAN IN SUPPORT THEREOF** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Michael J. Reed<br>Attorney at Law<br>60 Creek Tree Lane<br>Alamo, California 94507 | Attorney for Plaintiff<br>STEPHEN BRATSET<br><br>T: (925) 743-8353 \| F: (925) 743-8353<br>E:    mreed10202@aol.com |

☒ **[by ELECTRONIC SERVICE] -** Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☒ **[by MAIL] -** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY] -** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by PERSONAL SERVICE] -** I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed **November 22, 2021**, at San Francisco, California.

| | |
|---|---|
| Billie E. Patterson<br>Print Name | By: *Billie E. Patterson*<br>Signature |

17165.1154

2

EXEL INC. DBA DHL SUPPLY CHAIN'S C.C.P. SECTION 170.6 PEREMPTORY CHALLENGE;
DECLARATION OF CHRISTOPHER J. BOMAN IN SUPPORT THEREOF

FP 42368539.1

# EXHIBIT 3

ÕÜŒ▷VÖÖ

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/22/2021 at 03:36:01 PM**
By: Suzanne Pesko, Deputy Clerk

1   Christopher J. Boman (SBN 198798)
    E-Mail: cboman@fisherphillips.com
2   Boris Sorsher (SBN 251718)
    E-Mail: bsorsher@fisherphillips.com
3   FISHER & PHILLIPS LLP
    2050 Main Street, Suite 1000
4   Irvine, California 92614
    Telephone: (949) 851-2424
5   Facsimile:  (949) 851-0152

6   Olatomiwa T. Aina (SBN 325566)
    E-Mail:  taina@fisherphillips.com
7   FISHER & PHILLIPS LLP
    One Embarcadero Center, Suite 2050
8   San Francisco, California 94111
    Telephone: (415) 490-9000
9   Facsimile:  (415) 490-9001

10  Attorneys for Defendant
    Exel Inc. *dba* DHL SUPPLY CHAIN (erroneously sued
11  as "DHL SUPPLY CHAIN")

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                     FOR THE COUNTY OF ALAMEDA

14

15   STEPHEN BRATSET,                    CASE NO.:  [RG21110598]
                                          *[Unlimited Jurisdiction]*
16                 Plaintiff,
                                         *Assigned for all purposes to the Honorable Julia*
17        v.                             *Spain, Dept. 520*

18   DHL SUPPLY CHAIN, a business entity  **DEFENDANT EXEL INC. DBA DHL**
     from unknown and DOES 1-50,          **SUPPLY CHAIN'S C.C.P. SECTION 170.6**
19                                        **PEREMPTORY CHALLENGE;**
                                          **DECLARATION OF CHRISTOPHER J.**
20                 Defendant.            **BOMAN IN SUPPORT THEREOF**

21                                       Complaint Filed: 08/24/21
                                         Trial Date:      None Set
22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27              TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

28

---

Pursuant to California *Code of Civil Procedure* Section 170.6, Defendant EXEL INC. *dba* DHL SUPPLY CHAIN (*erroneously named as "DHL"*) hereby moves to disqualify the Honorable Julia Spain from presiding over this action. This motion is support by the declaration of Christopher J. Boman.

DATE:  November 22, 2021        FISHER & PHILLIPS LLP

By:

CHRISTOPHER J. BOMAN
BORIS SORSHER
OLATOMIWA T. AINA Attorneys for Defendant
EXEL INC. *dba* DHL SUPPLY CHAIN
(erroneously named as "DHL")

2

**EXEL INC. DBA DHL SUPPLY CHAIN'S C.C.P. SECTION 170.6 PEREMPTORY CHALLENGE; DECLARATION OF CHRISTOPHER J. BOMAN IN SUPPORT THEREOF**

1

## DECLARATION OF CHRISTOPHER J. BOMAN

2      I, CHRISTOPHER J. BOMAN, hereby declare and state as follows:

3      1.      I am an attorney at law duly licensed to practice before all courts in the State of

4 California. I am a partner with Fisher & Phillips LLP, counsel of record for Defendant EXEL

5 INC. *dba* DHL SUPPLY CHAIN (*erroneously named as "DHL"*) ("Defendant").  Based on my

6 personal knowledge, I assert the facts set forth herein and, if called as a witness, I could and

7 would competently testify thereto.

8      2.      The Honorable Julia Spain, the judge to whom this action has been assigned for

9 all purposes, including trial, is prejudiced against Defendant and/or its counsel, or the interests

10 of Defendant or its counsel, so that they cannot, or they believe that they cannot, have a fair and

11 impartial trial or hearing before such judge.

12      I declare under penalty of perjury, under the laws of the State of California, that the

13 foregoing is true and correct.

14      Executed on November 22, 2021, at Irvine, California.

15

16

17      _____

       CHRISTOPHER J. BOMAN

18     Declarant

19

20

21

22

23

24

25

26

27

28

**EXEL INC. DBA DHL SUPPLY CHAIN'S C.C.P. SECTION 170.6 PEREMPTORY CHALLENGE;**
**DECLARATION OF CHRISTOPHER J. BOMAN IN SUPPORT THEREOF**

FP 42368539.1

1

## PROOF OF SERVICE
### (CCP §§1013(a) and 2015.5)

2

3        I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of San Francisco with the law offices of Fisher & Phillips LLP and its business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

4

5        On **November 22, 2021**, I served the following document(s) **DEFENDANT EXEL INC. DBA DHL SUPPLY CHAIN'S C.C.P. SECTION 170.6 PEREMPTORY CHALLENGE; DECLARATION OF CHRISTOPHER J. BOMAN IN SUPPORT THEREOF** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

6

7

8

| Michael J. Reed<br>Attorney at Law<br>60 Creek Tree Lane<br>Alamo, California 94507 | Attorney for Plaintiff<br>STEPHEN BRATSET<br><br>T: (925) 743-8353 \| F: (925) 743-8353<br>E:    mreed10202@aol.com |
|---|---|

9

10

11

12    ☒    **[by ELECTRONIC SERVICE] -** Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

13

14    ☒    **[by MAIL] -** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco California, in a sealed envelope with postage fully prepaid.

15

16

17

18    ☐    **[by OVERNIGHT DELIVERY] -** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

19

20    ☐    **[by PERSONAL SERVICE] -** I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

21

22

23        I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed **November 22, 2021**, at San Francisco, California.

24

25    Billie E. Patterson                          By:   *Billie E Patterson*
      ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              Print Name                                          Signature

26

27    17165.1154

28

2

**EXEL INC. DBA DHL SUPPLY CHAIN'S C.C.P. SECTION 170.6 PEREMPTORY CHALLENGE;
DECLARATION OF CHRISTOPHER J. BOMAN IN SUPPORT THEREOF**

FP 42368539.1

# SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Hayward Hall of Justice

24405 Amador Street, Hayward, CA 94544

**FILED**
Superior Court of California
County of Alameda

11/30/2021

Clad Fluke, Executive Officer / Clerk of the Court

By: _____ Deputy

Angel Logan

PLAINTIFF(S):

Stephen Bratset

DHL Supply Chain

## NOTICE OF CASE REASSIGNMENT

CASE NUMBER:

RG21110598

**EFFECTIVE**  11/30/2021

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE:   Dennis Hayashi

DEPARTMENT:      518

LOCATION:        Hayward Hall of Justice
                 24405 Amador Street, Hayward, CA 94544

PHONE NUMBER:    (510) 690-2727

FAX NUMBER:

EMAIL ADDRESS:   Dept518@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period set by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

### NOTICE OF CASE REASSIGNMENT

**ASSIGNED FOR ALL PURPOSES TO**

JUDGE <u>Dennis Hayashi</u>

DEPARTMENT <u>518</u>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

Angel Logan, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/30/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>Angel Logan |
| PLAINTIFF/PETITIONER:<br>Stephen Bratset | |
| DEFENDANT/RESPONDENT:<br>DHL Supply Chain | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG21110598 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Michael J. Reed
Attorney at Law
60 CreekTree Lane
Alamo, CA 94507-

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/30/2021                    By:

Angel Logan, Deputy Clerk

**CERTIFICATE OF MAILING**

**EXHIBIT 4**

**MICHAEL J. REED**
**Attorney at Law**
60 CreekTree Lane
Alamo, California 94507
(925 743-8353

December 22, 2021

**PERSONAL AND CONFIDENTIAL**

Mr. Chris Boman, Esq.
Fisher & Phillips LLP
2050 Main Street | Suite 1000
Irvine, CA 92614

Re.:  **Stephen Bratset Employment Claim**

**Privileged and Confidential Pursuant to the California Evidence Code Sections 1152 and 1154**.

Dear Mr. Boman:

This letter serves to present an initial settlement demand on behalf of my client, Stephen Bratset.  In furtherance of perhaps a common objective regarding exploring an early informal resolution of my client's claims before the prosecution of these claims, in what will most likely prove to be a very costly and time-consuming litigation, I asked my client to forward to me a brief narrative which chronicles his employment circumstances while he was employed by your company.  His legal claims are based upon the following facts and circumstances, which are related here in his own words, and which he previously brought to the attention of Mr. John Gilbert of DHL via a letter transmittal. (Please note that this communication is for settlement purposes only and is protected pursuant to the California Evidence Code Sections 1152 and 1154 as a privileged and confidential settlement communication.)

"This letter is being written to you in hopes that you will do something about all of the wrongs that occur on a daily basis at your facility On Marathon Drive in Livermore California...including the ones that were perpetuated onto me

Hopefully...what you read here is NOT okay with you and is NOT the way you want your facilities managed AND when you're done reading this...you'll realize not only how badly I was wronged...but also that...at least as far as THIS facility goes...your company doesn't live by its own policies, etc.

- during the recruitment and onboarding process...employees don't bother to ask anyone what previous engagements and/or obligations they have...like vacation time to use up, medical appointments, etc. - when new employees try to tell someone during

orientation...they try to negotiate with you - I've never seen a hurry up and start working for another employer process before - usually what transpires is you get the REAL green light and you're clear to work THEN you discuss a start date and WHY

prior to applying for this position...I went thru a similar process with another nearby company and at least they used a document that asked certain things and ONE of those was "do you have any TIME OFF planned in the near future?" That's SMART

- during the onboarding process...in pertinence to START DATES...numerous employees...including myself...TRIED emailing BRANDI JACKSON with a REPLY message with NO response.... EVER.  Other employees confirmed the same thing

- during orientation...it was made CLEAR by SHANNON that there was no HORSE PLAY or FOUL / OFFENSIVE LANGUAGE permitted whatsoever - I learned...THAT is BS (no pun intended) - it is RAMPANT at this facility every day on every shift - see copies of the complaints I made the day I was suspended - numerous supervisors have almost constant foul language coming out of their mouths and numerous "supervisors" engage in horseplay with non-supervisory employees - this mostly occurs in PICKING

- I FINALLY got a badge...a DAY prior to being suspended - that's how long it took

- Getting different answers to the same question from different people is also RAMPANT - I'll give you just ONE example of such for now:

I once found a Stainless ALLEN bolt - some employees including shift supervisors and IC people will tell you that EVERY item you find and/or find "damaged" needs to go to Inventory Control no matter what then THEY make the decision - you also have the same kinds of employees that will grab it from you...and toss it either into a trash can or cardboard hopper then they say "that's what we do with THOSE" because they're too lazy to do what they're supposed to with it which is find its location and return it as it's LAM's property

- the day I was suspended...it was ANOTHER day of showing up to work while employees have their car stereos slammin'...either on the property or usually on the property next door which employees use to park on a regular basis without any permission, authorization, or just a basic OK

I was trying to make friendly with the cats that assemble between both properties when the silver Chevrolet you see in the pictures pulled up and parked on the property next door with his car stereo slammin' and he kept it slammin'...scaring the cats and offending me with the noise level and the profanity coming from it - I pulled my phone out of my pocket and started recording how loud it was and what both of us said to each other - one of the things he said to me was "man get out of my face" and you'll see by the video that I was nowhere NEAR his face and someone needed to tell him to knock it off, etc. - as it got closer to start time him and another male actually got in my face with one of them asking what I was driving - I asked him WHY he needed to know what I'm driving - his

2

answer was "so I can know why you're recording me"  - this is the mentality I and others dealt with there every day...both inside and outside the building - I put on the complaint that it's obvious he wanted to know what I drive so he could vandalize it later

BTW...not just on the day I was suspended...but facility management witnesses this car stereo slammin' by numerous employees/vehicles on a daily basis and NEVER does anything about it

Even though I had no idea about the clause in the handbook about recording...the bottom line is...it didn't occur on that side of the property line and even if it had...the intention of such a rule is for other reasons and not for recording wrong doing

- The day I was suspended I was told by JUAN CARLOS that DHL cares about its employees, etc. - I told him that no matter how many times someone may SAY that...there's a LONG history in this world of employers and their management retaliating against whistleblowers of any kind - he said he's been with DHL 15 years and they're not like that

you'll find...by the end of this letter...that at least at THIS facility...it very much IS that way...and this is why most...if not all employees don't tell management there anything

- after showing the video I recorded to JUAN CARLOS and PRENTISS JEFFERSON...and allowed to them to record it with JUAN'S personal phone (760) 284-2701...I was then suspended and told that after a WEEK (not SEVENTEEN days) that I would either be brought back and paid back pay or terminated

- I was suspended on 12/10 and contacted by voice mail from a "WALTER" from phone number (209) 597-2194...which appears to be his personal cell phone...on 12/27 - SEVENTEEN days later

I wasn't able to return his call for a few days - when I did, he told me "The investigation has been completed and your position has been terminated" - I hung up on him

(PICKING)
waste massive amounts of time every shift
engage in horseplay
engage in regular use of foul and offensive language (see my complaint)
engage in violating policy, Livermore city ordinance and the Vehicle Code with their car stereos
violate policy by hanging around on the property after they've clocked out in the smoking area and other areas
violate policy by yelling/screaming in the break room
violate policy by using their cell phones in the warehouse including text messaging and watching football

3

PICKING is so disorganized and out of control...it takes anywhere from a half hour to an hour just to get started picking

After listening to safety stuff that's been repeated so many times nobody listens anymore...then looking around and around and around to find a cart...that's not broken or FULL of garbage...fiddling with scanners that don't work properly...I could go on & on & on...

BREAK TIME:  SECOND and THIRD shifts - people regularly take break WAY over their allotted 15 minutes

With all the screwing around that goes on every shift and with it taking an average of an hour for people to actually start PICKING....NO WONDER they instigated MANDATORY OVERTIME

PICKING on SUNDAYS - All of the problems in my documented complaints and in this letter are worse than any other day of the week

"SUPERVISORS" RARELY get out on the floor and SUPERVISE - once in a while do you actually see people NOT screwing around and actually appearing to be MOTIVATED - I gotta tell ya...it's cool when it DOES happen

I'm not going to just give you the reasons and examples of WHY Picking at this facility is so inefficient...except for what's already been stated - I don't think it's right or just to help you and your company after your company singled me out and stabbed me in the back...an employee that received a $25 gift card on his THIRD DAY WORKING

LOGISTICALLY speaking...the problems that are in PICKING and the PICKING part of the warehouse have been there for years and DHL just picked up where RK Logistics had left it and has continued the status quo and it doesn't work very well

BELIEVE me when I say I'm not the only one there that thinks any of this and is frustrated & angry about all of this - not only newer hires...but employees that transferred over from RK

NICK SMITH:  I want to COMMEND him - When I came to him to talk about some of the Logistical issues in Picking...he not only listened intently but he also put things in motion - I WATCHED things start to change and be implemented and he also had supervision come "pick my brain" - it's too bad I wasn't allowed to continue - I would've increased efficiency in PICKING by a HUGE margin

When I said to NICK "I hope it's okay me stating some of this stuff with me being a newer employee" and he said "No... No... It's GREAT... I LOVE THIS KIND OF STUFF...we need MORE of it"

NONE of my ideas were rocket science - in fact...if one didn't see what I saw and apply common sense...they could experience logistical warehouses in the area that are WAY more efficient than this one and see WHY that is

I'm going to end this letter with comment about "SAFETY" at this facility

- The company's policies on safety a lot of times do not match their actions - I'll give you TWO examples:

One day...a Korean woman...had a panic attack or something and was taken to the hospital - the "medical professional" on site told a newer employee to go get the Defibrillator and that person was not familiar with that term nor its location - according to that employee...the "medical professional" told her that she should know WHAT and WHERE it is because of Orientation

I KNOW from Orientation that Defibrillators are only MENTIONED and nowhere along the time line of bringing people on board and training them are they ever walked around the facility and familiarized with locations of Defibrillators, Fire Extinguishers, Fire Exits, etc and with as much information as you're bombarded with in that one day...it's not safe to ASSUME such a thing as the "medical professional" did

I later told this to the "SAFETY MANAGER" or whatever he's called - not only does he spend loads of time every day chit chatting about football...but his reception to me bring this to his attention was really cold and of course...it was never discussed in front of shifts of employees nor has anything changed in the way of familiarizing shifts of employees with what's been stated above

On another date...as it was time to end my shift...second shift...I was walking towards the third shift coming into the warehouse walking down an aisle and I literally watched a MAN walking at the front of the line TRIP on a chain hanging from pallet racking and his feet came off the ground and into the air and landed on his side - he got up and laughed it off and so did the employees behind him - I'm pretty sure that HE and nobody else besides myself told management about this "near miss" if you can call it that...WHY it occurred

The next day at the beginning of my shift...I brought it to the attention of Prentiss Jefferson who came across to me like it wasn't that important and to figure out who that was that tripped and fell like that - he told me it might be in an email that he hasn't seen yet - REALLY???

If that had been me...I would have told everyone else in his office to come back in 15 minutes then I would have shown me everyone's badge picture on the third shift and had me point him out so he could be communicated with about reporting such things and so he could be checked out medically

That's how people end up with work related INJURIES and go out on Worker's Comp, etc.

STEPHEN BRATSET
Former Employee – Livermore California…"

In candor, based upon the above described facts, I believe that my client has tenable legal claims against his employer including but not limited to: 1.  Employment Discrimination on The Basis of Age, Violation of Fair Employment and Housing Act; 2. Age Harassment, Violation of Fair Employment and Housing Act; 3. Employment Discrimination on The Basis of Race and National Origin, Violation of Fair Employment and Housing Act; 4. Wrongful Discharge in Violation of Public Policy; 5. Retaliation, Violation of Fair Employment and Housing Act; 6. Constructive Discharge in Violation of Public Policy – Plaintiff Required to Violate Public Policy; 7. Constructive Discharge in Violation of Public Policy – Plaintiff Required to Endure Intolerable Conditions for Improper Purpose That Violate Public Policy; 8. Wrongful Termination in Violation of Labor Code, Cal. Labor Code § 6311; 9. Wrongful Termination in Violation of Labor Code, Cal. Labor Code § 6310; 10. Breach of Implied in Fact Contract; 11.  Breach of Employment Contract; 12. ; Unlawful Retaliation, Violation of Cal. Labor Code § 1102.5; 13. Breach of the Implied Covenant of Good Faith and Fair Dealing; and 14. Violation of California Government Code Section 12940(k).  (Please see attached Complaint attached herewith as Document D575.009 ND)

I am prepared to further discuss my client's liability theories with either you, if you think that would facilitate our settlement objectives.

At the present time, my client is seeking compensation for his economic and non-economic damages.

After being terminated, my client continues to suffer constant severe emotional distress including but not limited to physical pain, fright, shock, nervousness, anxiety, worry, grief, stress, indignity, apprehension, and fear.

**Attorney's Fees:**

The Fair Employment and Housing Act (FEHA) (Govt. Code §§12900-12996) provides in Govt. Code §12965(b) for fee awards to the prevailing party.  In Flannery v. Prentice (2001) 26 Cal.4th 572 the California Supreme Court affirmed this.  The court has discretion to award reasonable attorney's fees and costs to the prevailing party.  See Weeks v. Baker & McKenzie (1998) 63 Cal.App4th 1128, 1171.  Relief obtained through settlement also qualifies a plaintiff as the prevailing party.  Santisas v.Goodin (1998) 17 Cal.4th 599, 621.  Attorney's fees if awarded would be calculated based upon an hourly rate of $750.00 per hour.

In light of all the considerations addressed herein, my client has authorized me to demand the sum of $175,000.00 in full settlement of his claims. (For purposes of this demand letter only)

6

I look forward to your prompt response after you have had the opportunity to discuss this demand with your client.

Sincerely,
/s/
Michael J. Reed
Attorney at Law

(D575.007 ND)

**EXHIBIT 5**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Michael J. Reed SBN: 122324
Attorney at Law
60 CreekTree Lane; Alamo, Ca. 94507
TELEPHONE NO.: (925) 743-8353          FAX NO. *(Optional)*: (734) 468-6168
E-MAIL ADDRESS *(Optional)*: mreed10202@aol.com
ATTORNEY FOR *(Name)*: Plaintiff STEPHEN BRATSET

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: STEPHEN BRATSET

DEFENDANT/RESPONDENT: DHL SUPPLY CHAIN, a business entity form unk.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE**        ☐ **LIMITED CASE** (Amount demanded exceeds $25,000)        (Amount demanded is $25,000 or less) | RG21110598 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 01/24/2022          Time: 02:30 PM          Dept.: 518          Div.:          Room:

Address of court *(if different from the address above)*:
Hayward Hall of Justice, 24405 Amador Street; Hayward, CA 94544

☑ **Notice of Intent to Appear by Telephone,** by *(name)*:  Michael J. Reed

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name)*:   STEPHEN BRATSET
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:  August 24, 2021
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☑ have been served but have not appeared and have not been dismissed *(specify names)*:
          DHL SUPPLY CHAIN
      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint        ☐ cross-complaint        *(Describe, including causes of action)*:
      COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF
      FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: STEPHEN BRATSET | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DHL SUPPLY CHAIN, a business entity form unk. | RG21110598 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that throughout his employment, he was discriminated against and harassed on account of his race and age, retaliated against and wrongfully terminated in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).  Plaintiff is seeking econ/nonecon. damages.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐   The trial has been set for *(date)*:
b.  ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
a.  ☑   days *(specify number)*: 4-6 Days
b.  ☐   hours (short causes) *(specify)*:

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   E-mail address:
f.   Fax number:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.  **Preference**
☐   This case is entitled to preference *(specify code section)*:

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

CM-110

| PLAINTIFF/PETITIONER: STEPHEN BRATSET | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DHL SUPPLY CHAIN, a business entity form unk. | RG21110598 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | STEPHEN BRATSET | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | DHL SUPPLY CHAIN, a business entity form unk. | RG21110598 |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  - ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate     will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | May 2022 |
| Plaintiff | PMK and percipient witnesses depositions | June 2022 |
| Plaintiff | Expert Discovery | per code |

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | STEPHEN BRATSET | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | DHL SUPPLY CHAIN, a business entity form unk. | RG21110598 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

    Plaintiff requests that a further CMC be scheduled in 120 days to afford the parties the opportunity to explore early resolution through settlement discussions and perhaps an early mediation.

19. **Meet and confer**

    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    Plaintiff's counsel and Defense counsel are engaging in communications regarding the posture of the case and possible settlement and ADR.

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*    0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 12/23/2022

Michael J. Reed
_____
        (TYPE OR PRINT NAME)

▶ _____
        (SIGNATURE OF PARTY OR ATTORNEY)

_____
        (TYPE OR PRINT NAME)

▶ _____
        (SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael J. Reed (CSB # 122324)<br>Attorney At Law<br>60 CreekTree Ln.<br>Alamo, Ca 94507<br>TELEPHONE NO.: (925) 743-8353   FAX NO. *(Optional):*<br>E–MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff: Stephen Bratset | **F I L E D**<br>ALAMEDA COUNTY<br>DEC – 1 2021<br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA | |
|---|---|
| STREET ADDRESS: 1225 Fallon Street | |
| MAILING ADDRESS: 1225 Fallon Street | |
| CITY AND ZIP CODE: Oakland, Ca 94612 | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: Stephen Bratset | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DHL Supply Chain | RG21110598 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of all Assignment of Judge for all Purposes

3. a. Party served *(specify name of party as shown on documents served):*
   DHL Supply Chain

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Aaron Musgrove-General Manager accepted service on behalf of DHL Supply Chain

4. Address where the party was served:
   7364 Marathon Dr. Livermore, CA 94550

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/11/2021  (2) at *(time):* 12:31 p.m.
   b. [ ] **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*  from *(city):*  **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: Stephen Bratset | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DHL Supply Chain | RG21110598 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*   DHL Supply Chain
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)           ☑ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                           ☐ other:

7. **Person who served papers**
  a. Name: Paul Norman
  b. Address: 156 Crest Ave. Alamo, CA 94507
  c. Telephone number: (925) 216-6095
  d. **The fee** for service was: $ 100.00
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☑ owner   ☐ employee   ☐ independent contractor.
      (ii) Registration No.: 1135
      (iii) County: Santa Clara Ca

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 11/11/2021

Paul Norman
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE )

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Francisco with the law offices of Fisher & Phillips LLP and its business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

On January 13, 2022, I served the following document(s) DECLARATION OF CHRISTOPHER J. BOMAN IN SUPPORT OF NOTICE OF REMOVAL on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Michael J. Reed<br>Attorney at Law<br>60 Creek Tree Lane<br>Alamo, California 94507 | Attorney for Plaintiff<br>STEPHEN BRATSET<br><br>T: (925) 743-8353 \| F: (925) 743-8353<br>E:    mreed10202@aol.com |

☒   **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☒   **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco California, in a sealed envelope with postage fully prepaid.

☐   **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (415) 490-9001. The fax reported no errors. A copy of the transmission report is attached.

☐   **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed January 13, 2022, at San Francisco, California.

DOROTHY MJ. WANG                     By:    */S/ DOROTHY MJ. WANG*
_____                  _____
Print Name                                                      Signature

CERTIFICATE OF SERVICE

FP 42711069.1