# EXHIBIT 1

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 122324 | *FOR COURT USE ONLY* |
|---|---|---|
| NAME: Michael J. Reed | | |
| FIRM NAME: Law Offices of Michael J. Reed | | |
| STREET ADDRESS: 60 CreekTree Lane | | |
| CITY: Alamo   STATE: Ca   ZIP CODE: 94507 | | |
| TELEPHONE NO.: (925) 984-7477   FAX NO.: (734) 468-6168 | | |
| E-MAIL ADDRESS: mreed10202@aol.com | | |
| ATTORNEY FOR (*Name*):   Plaintiff STEPHEN BRATSET | | |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda |
|---|
| STREET ADDRESS:   1225 Fallon Street |
| MAILING ADDRESS:   1225 Fallon Street |
| CITY AND ZIP CODE:      Oakland, Ca. 94612 |
| BRANCH NAME:   Renee C. Davidson |

| Plaintiff/Petitioner:  STEPHEN BRATSET |
|---|
| Defendant/Respondent:  DHL SUPPLY CHAIN |

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RG21110598 |
|---|---|

TO (*insert name of party being served*): DHL SUPPLY CHAIN, a business entity form unknown

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:   12/01/2021

▶

Michael J. Reed
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of **(to be completed by sender before mailing):**

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other (*specify*):

   Notice of Case Management Conference and Order
   Notice of Assignment of Judge For All Purposes

**(To be completed by recipient):**

Date this form is signed:  _____

▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**SUM-100**

## SUMMONS
### *(CITATION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DHL SUPPLY CHAIN, a business entity form unknown and DOES 1-50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEPHEN BRATSET

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

AUG 24 2021

CLERK OF THE SUPERIOR COURT
By_____GINA FU_____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Alameda County Superior Court
1225 Fallon Street, Oakland, Ca. 94612

**CASE NUMBER:**
*(Número del Caso):*
RG21110598

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Reed SBN: 122324  60 CreekTree Lane, Alamo, Ca. 94507  (925) 743-8353

| DATE: (Fecha) | AUG 24 2021 | Chad Finke | Clerk, by (Secretario) | GINA FU | , Deputy (Adjunto) |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Michael J. Reed SBN 122324
   Attorney at Law
2  60 CreekTree Lane
   Alamo, California 94507
3  Telephone: (925) 743-8353

4  Attorney for: Plaintiff STEPHEN BRATSET

**ENDORSED**
**FILED**
ALAMEDA COUNTY

AUG 24 2021

CLERK OF THE SUPERIOR COURT
By_____ ~~GINA FU~~ Deputy

5

6                    SUPERIOR COURT OF CALIFORNIA

7                 IN AND FOR THE COUNTY OF ALAMEDA

8

9  STEPHEN BRATSET                          )  Case No.  RG21110598
                                            )
10        Plaintiff,                        )
                                            )
11        vs.                               )  COMPLAINT FOR DAMAGES FOR
                                            )  EMPLOYMENT DISCRIMINATION AND
12  DHL SUPPLY CHAIN, a business entity form )  HARASSMENT (VIOLATION OF FAIR
    unknown and DOES 1-50,                  )  EMPLOYMENT AND HOUSING ACT); AND
13                                          )  REQUEST FOR JURY TRIAL
          Defendants.                       )
14                                          )
                                            )
15                                          )

16  PLAINTIFF, STEPHEN BRATSET ALLEGES AS FOLLOWS:

17                    **INTRODUCTORY ALLEGATIONS**

18  1.    Plaintiff, STEPHEN BRATSET, (hereinafter "plaintiff") is a resident of the City of Salida,

19  California, County of Stanislaus.  Plaintiff was employed by defendant, DHL SUPPLY CHAIN, a business

20  entity form unknown (Hereinafter, "DHL SUPPLY CHAIN").  At the time he was terminated, plaintiff was

21  employed by DHL SUPPLY CHAIN, which has its business address listed at 7364 Marathon Drive,

22  Livermore, California 94550.

23  2.    The true names and/or capacities, whether individual, corporate or associate or otherwise, of a

24  defendant named in this action as Does 1 through 50, inclusive are unknown to plaintiff at this time;

25  therefore, plaintiff sues such defendants by said fictitious names, and plaintiff will amend this complaint to

26

27  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
    (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL
28

show their true names and capacities upon discovery of same.  Plaintiff is informed and believes, and

thereon alleges that each of these fictitiously named defendants is responsible in some manner for the

occurrences herein alleged and that, plaintiff's injuries as herein alleged were proximately caused by the

aforementioned defendants.

3.      Plaintiff is informed and believes and thereon alleges that each of the defendants herein was, at all

times relevant to this action, the agent, employer, employee, representing partner, joint venturer or successor

in interest of the remaining defendants and was acting within the course and scope of that relationship.

Plaintiff is further informed and believes and thereon alleges that each of the defendants herein, gave

consent to, ratified, and authorized the acts alleged herein of each of the remaining defendants.

4.      Plaintiff is informed and believes and thereon alleges that defendant DHL SUPPLY CHAIN was a

corporation, qualified to do business in the State of California, doing business in the State of California and

as such was subject to the laws of the State of California.  At all times material to this complaint, defendant

DHL SUPPLY CHAIN was a corporation doing business in the County of Alameda, California.  Plaintiff is

informed and believes and thereon alleges that defendant DHL SUPPLY CHAIN was, and at times herein

mentioned in this complaint, was plaintiff's employer and was responsible in some manner for the acts and

occurrences herein alleged.

5.      Defendant, DHL SUPPLY CHAIN is an "employer", employing five or more persons, and as such is

subject to suit under the California Fair Employment and Housing Act pursuant to California Government

Code Section 12926(d).

6.      Plaintiff is informed and believes and thereon alleges that this court is the proper court because the

injury to plaintiff, STEPHEN BRATSET occurred within its jurisdictional area and the principal place of

business of the defendant is located within its jurisdictional area.

7.      Plaintiff commenced his employment with and was employed by Defendants continuing through

December 27, 2019.

8.      At all material times, various employees, whose identities are currently unknown, were supervisory

employees of defendant DHL SUPPLY CHAIN and plaintiff's supervisors and in doing the things

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1  hereinafter alleged said employees were acting as the agents of Defendants and were acting within the

2  course and scope of that relationship.

3  9.      Throughout the period that plaintiff was employed by DEFENDANTS, DEFENDANTS acting

4  through their agents and plaintiff's managers, supervisors and others engaged in intentional acts with the

5  intent of discriminating against and harassing plaintiff on account of his race and age in violation of the

6  provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

7  During the course of his employment, plaintiff came under the supervision of Defendant's managers and

8  supervisors who subjected plaintiff to differential terms and conditions of employment because of his race

9  and age.  These differential terms and conditions of employment included but were not limited to

10 harassment not experienced by employees who were of a different race and younger than plaintiff, as well as

11 excessive criticism not otherwise directed to employees who were not disabled.  Such discrimination and

12 harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning

13 plaintiff's work, retaliation against plaintiff, denial of advancement, promotions, severance package,

14 retirement package and other benefits, and repeated acts of harassment and discrimination directed at

15 plaintiff which for him created an environmentally hostile work environment and which resulted in his

16 termination on or about December 27, 2019.

17 10.     Plaintiff is informed and believes and thereon alleges that during the time period between November

18 21, 2019 and December 10, 2019, plaintiff reported numerous safety concerns at his employment site to one

19 of the two general managers, including but not limited to multiple fluorescent tubes out in numerous picking

20 aisles leaving them close to completely dark, the Anti-Fatigue mats in front of vertical lifting machines were

21 always out of place and all over the place causing a trip and fall hazard which was personally witnessed by

22 plaintiff on multiple occasions, safety Chains that cordon off the walking aisles so that forklifts can access

23 the product above the aisle...were always laying on the ground causing trip and fall hazard, and on one

24 occasion plaintiff witnessed a man coming onto the 3rd shift trip on one and actually become horizontal and

25 land on the ground.

26 11.     On or about December 10th, plaintiff came to work and parked in the parking lot - if plaintiff arrived

27 COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
   (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

28

early enough plaintiff sought to make friends with the cats there.  Plaintiff was engaged in this practice on the 10th, when another employee drove his car into the parking lot of a neighboring business with his car stereo slamming, and he kept it slamming until I turned on my phone's recorder and went up to his door - then he finally turned it off.

12.     After going into the building and going to this same General Manager and reporting it to him AND showing him my video...I was suspended for a week and told if I'm brought back, I'll get back pay.

13.     Subsequently, plaintiff was contacted by phone for termination on the 27th - not a week, but 17 days later.

14.     Between walking into the building and being told to leave, plaintiff completed three DHL employee complaint forms and made the employer give him copies.

15.     Plaintiff's pay rate per hour on his pay stubs is $19 flat; although the job was previously advertised to be $19.50 per hour and the employer presently advertises the job's pay rate to be $20.50.

## FIRST CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET'S First Cause of Action for Employment Discrimination on The Basis of Age, Violation of Fair Employment and Housing Act against Defendant DHL SUPPLY CHAIN and DOES 1-50)**

16.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 15.

17.     Throughout the period that plaintiff was employed by DHL SUPPLY CHAIN, DHL SUPPLY CHAIN acting through its agents and plaintiff's managers, supervisors, co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of his age in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900-12996)

18.     During the time plaintiff was employed by DHL SUPPLY CHAIN he was discriminated against and harassed with respect to the terms, conditions, and privileges of his employment because of his age.  Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, transfer,

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1   promotions, severance package, retirement package and other benefits, and repeated acts of harassment and

2   discrimination directed at plaintiff which for him created an environmentally hostile work environment and

3   which resulted in his termination on or about December 27, 2019.  Plaintiff is informed and believes and

4   thereon alleges that he would not have been subjected to this abuse if he were not over the age of 40.

5   19.     During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and

6   satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during

7   the course of plaintiff's employment.

8   20.     Plaintiff was treated in a disparate manner and subjected to DHL SUPPLY CHAIN's unfair policies

9   and practices in that plaintiff was treated unequal and unlike employees outside of plaintiff's protected

10   classifications.  Said unfair policies and practices both limited plaintiff in his job classifications, job

11   assignments and other benefits.

12   21.     As a result of DHL SUPPLY CHAIN's policies and practices plaintiff was unjustly and

13   discriminatorily deprived of equal employment opportunities because of his age.

14   22.     DHL SUPPLY CHAIN's discriminatory actions against plaintiff, as alleged above, constituted

15   unlawful discrimination in employment on account of age in violation of the Fair Employment and Housing

16   Act (FEHA) (Govt. C. §§12900- 12996).

17   23.     During the aforementioned dates, DHL SUPPLY CHAIN also subjected plaintiff to differential

18   treatment. DHL SUPPLY CHAIN made its employment decisions related to the imposition of discipline

19   solely on the basis of improper consideration of the employee's age, and completely subjective analysis in

20   willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc.

21   No fair and objective standards were used for decisions related to the imposition of discipline.  DHL

22   SUPPLY CHAIN's decision-making process related to discipline was a primary source of discrimination

23   which resulted in an improper denial of advancement opportunities to employees over the age of 40

24   including plaintiff.

25   24.     As a further proximate result of DHL SUPPLY CHAIN's discriminatory actions against plaintiff, as

26   alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and

27   COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
     (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL
28

1  emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination

2  and consequent harm plaintiff has suffered damages in an amount according to proof.

3  25.     As a proximate result of DHL SUPPLY CHAIN's discriminatory and harassing actions against

4  plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable

5  losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred

6  compensation and other employment benefits, injuries to plaintiff's protected property interests, general

7  damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession

8  and occupation, the expenses plaintiff has incurred mitigating the conduct of DHL SUPPLY CHAIN, and

9  loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other

10  litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the

11  amount of losses incurred in earnings, deferred compensation and other employee benefits, the interest on

12  borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has

13  incurred and will continue to incur in prosecuting this action; other economic losses, other incidental

14  expenses and other special and general damages.  Plaintiff's substantial compensable losses are in amounts

15  not fully ascertained.

16  26.     On or about March 18, 2020, and within one year of the date of the last act of the continuing pattern

17  and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a

18  charge of discrimination with the California Department of Fair Employment and Housing (hereinafter,

19  "DFEH").

20  27.     On or about March 18, 2020, the DFEH issued to plaintiff a notice of right to bring a civil action

21  against the defendant based on the charge of discrimination filed with the DFEH.

22  28.     Thereafter on or about March 23, 2020, the JUDICIAL COUNCIL OF CALIFORNIA

23  issued its STATEWIDE ORDER BY HON. TANI G. CANTIL-SAKAUYE, CHIEF JUSTICE OF

24  CALIFORNIA AND CHAIR OF THE JUDICIAL COUNCIL MARCH 23, 2020 which recited the

25  following:

26

27  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
   (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

28

1   "The World Health Organization, the United States Centers for Disease Control and Prevention (CDC), and

2   the State of California have recognized that the world, country, and state face a life-threatening pandemic

3   caused by the COVID-19 virus. As of March 23, 2020, the CDC reported that there are more than 40,000

4   confirmed COVID-19 cases in the United States, and more than 500 deaths. In California, the Department

5   of Public Health reports more than 1,700 confirmed cases and more than 30 deaths. Health officials expect

6   these figures to rise dramatically unless the population adheres to shelter-in-place guidelines and appropriate

7   social distancing. As of this date, there is no known cure or vaccination.

8   In response to the spread of COVID-19, Governor Newsom on March 4, 2020, declared a state of

9   emergency in California, which was followed on March 13, 2020, by President Trump declaring a national

10   emergency. Beginning on March 16, 2020, California counties began issuing shelter-in-place or stay-at-

11   home orders. On March 19, 2020, Governor Newsom issued Executive Order N-33-20, requiring all

12   Californians to stay home, subject to certain limited exemptions. Courts are included in this exemption.

13   Schools have been closed statewide.

14   The CDC, the California Department of Public Health, and local county health departments have

15   recommended increasingly stringent social distancing measures of at least six feet between people and

16   encouraged vulnerable individuals to avoid public spaces.

17   Courts cannot comply with these health restrictions and continue to operate as they have in the past. Court

18   proceedings require gatherings of court staff, litigants, attorneys, witnesses, and juries, well in excess of the

19   numbers allowed for gathering under current executive and health orders. Many court facilities in California

20   are ill-equipped to effectively allow the social distancing and other public health requirements required to

21   protect people involved in court proceedings and prevent the further spread of COVID-19. Even if court

22   facilities could allow for sufficient social distancing, the closure of schools means that many court

23   employees, litigants, witnesses, and potential jurors cannot leave their homes to attend court proceedings

24   because they must stay home to supervise their children. These restrictions have also made it nearly

25   impossible for courts to assemble juries.

26

27   COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
    (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

28

Pursuant to my authority under the California Constitution, article VI, section 6 and Government Code section 68115, and after careful consideration, balancing the constitutional due process rights of parties in both criminal and civil proceedings with the health and safety of these parties, the public, court staff, judicial officers, attorneys, witnesses, jurors, and others present at these proceedings, among other considerations,."

29.     Thereafter, on April 6, 2020, the California Judicial Council held its second emergency meeting to address issues arising in the California court system as a result of the COVID-19 pandemic. The Judicial Council, led by Chief Justice of the California Supreme Court Tani Cantil-Sakauye passed 11 emergency rules, including Emergency Rule 9, which tolls the statute of limitations for all civil causes of action, beginning on April 6, 2020 and ending 90 days after the governor declares the statewide state of emergency related to COVID-19 is lifted.

30.     Thereafter, in or about June 2020, the California Judicial Council amended Emergency Rule 9 of the California Rules of Court and the amended Emergency Rule 9 created two tolling periods depending on the length of the pertinent statute of limitation.  Under Rule 9(a), statutes of limitations that exceed 180 days are tolled from April 6, 2020, until October 1, 2020.

31.     This complaint has been filed within one year of PLAINTIFF's receipt of the Notification of Right to Sue and considering the application of the various Covid-19 emergency orders addressed in paragraphs 27 through 30, affecting the time within which civil causes of action were to be filed.

32.     The unlawful employment practices complained of above were intentional.

## SEOND CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET'S Second Cause of Action for Age Harassment, Violation of Fair Employment and Housing Act against Defendant DHL SUPPLY CHAIN and DOES 1-50)**

33.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 32.

34.     At all times mentioned in this complaint, Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections require defendants to refrain from discriminating

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

against and harassing any employee on the basis of age, among other things.  Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right–to–sue letter.

35.     During the course of plaintiff's employment, defendants created and allowed to exist an environmentally hostile environment based on age; and defendants discriminated against and harassed plaintiff on the basis of plaintiff's age.  Such discrimination and harassment was in violation of Government Code section 12940 et seq. and the public policy embodied therein, and has resulted in damage and injury to plaintiff as alleged herein.

36.     As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

37.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET's Third Cause of Action for Employment Discrimination on The Basis of Race and National Origin, Violation of Fair Employment and Housing Act against defendant DHL SUPPLY CHAIN and DOES 1-50)**

38.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 37.

39.     Plaintiff is informed and believes and thereon alleges that throughout the period that plaintiff was employed by DHL SUPPLY CHAIN, DHL SUPPLY CHAIN acting through its agents and plaintiff's managers, supervisors and co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of his race and national origin (Caucasian male) in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900-12996).

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

40.     Plaintiff is informed and believes and thereon alleges that during the time plaintiff was employed by DHL SUPPLY CHAIN, he was discriminated against with respect to the terms, conditions, and privileges of his employment because of his race and national origin as follows:  During the course of his employment, plaintiff came under the supervision of defendant's managers and supervisors who subjected plaintiff to differential terms and conditions of employment because of his race.  These differential terms and conditions of employment included but were not limited to harassment not experienced by employees whose race and national origin were different than that of plaintiff, as well as excessive criticism not otherwise directed to employees whose race and national origin were different than that of plaintiff.  Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, promotions and other benefits, and repeated acts of harassment and discrimination directed at plaintiff which for him created an environmentally hostile work environment.

41.     During the aforementioned dates, DHL SUPPLY CHAIN also subjected plaintiff to differential treatment including biased evaluations and denied him equal opportunities for advancement and promotions because of his race and national origin.  DHL SUPPLY CHAIN made its employment decisions related to advancement, promotion and discipline on the basis of completely subjective analysis, in willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc.  No objective standards were used for recruitment, hiring, discipline and promotion.  DHL SUPPLY CHAIN's decision-making process related to advancement, promotion and discipline was a primary source of discrimination which resulted in an improper denial of advancement opportunities to Caucasian employees and in particular to plaintiff.

42.     DHL SUPPLY CHAIN knew or should have known of these harassing and discriminatory actions because plaintiff's managers, supervisors and co-workers and others' discriminatory and harassing behavior was brought directly to the attention of DHL SUPPLY CHAIN.  Despite DHL SUPPLY CHAIN's actual and constructive knowledge of the above-mentioned harassment, and the knowledge of its supervisors and agents, DHL SUPPLY CHAIN failed to take immediate and appropriate corrective action to stop the

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

discrimination and harassment.  Furthermore, before the harassment occurred DHL SUPPLY CHAIN failed to take all reasonable steps to prevent such harassment and discrimination from occurring.

43.     Plaintiff dreaded working in this environmentally hostile and discriminatory environment and was under constant stress.  This constant pattern of harassment and discrimination caused plaintiff to suffer constant severe emotional distress including but not limited to fright, shock, nervousness, anxiety, worry, grief, stress, indignity, apprehension, and fear.  Plaintiff's ability to perform his job was severely impacted by the behavior of defendant's managers and supervisors.

44.     During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during the course of plaintiff's employment.

45.     Dung the course of plaintiff's employment with DHL SUPPLY CHAIN he complained to DHL SUPPLY CHAIN about DHL SUPPLY CHAIN's managers', supervisors', co-workers' and others' discriminatory and harassing behavior towards him and complained about DHL SUPPLY CHAIN's environmentally hostile and offensive environment.  On or about December 27, 2019, DHL SUPPLY CHAIN discharged plaintiff for his alleged violation of policies.

46.     Plaintiff as a Caucasian male was treated in a disparate manner and subjected to DHL SUPPLY CHAIN's unfair policies and practices in that plaintiff was treated unequal and unlike employees whose race and national origin were different than that of plaintiff.  Said unfair policies and practices both limited plaintiff in his job classifications, job assignments and other benefits, because of plaintiff's race, and further resulted in his discharge from employment on or about December 27, 2019.

47.     DHL SUPPLY CHAIN denied equal employment opportunities to plaintiff because of plaintiff's race, to wit:

A.     The reason given for plaintiff's discharge was a mere pretext for unlawful discrimination.

B.     DHL SUPPLY CHAIN did not discharge or discipline similarly situated employees whose race and national origin were different than that of plaintiff who committed similar or more serious policy violations.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

48.     As a result of DHL SUPPLY CHAIN's policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his race.  As a direct and proximate result of DHL SUPPLY CHAIN's acts, plaintiff has suffered great and irreparable economic and other loss.

49.     DHL SUPPLY CHAIN's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of race in violation of the Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

50.     As a proximate result of DHL SUPPLY CHAIN's discriminatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received had he not been terminated.  As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

51.     As a further proximate result of DHL SUPPLY CHAIN's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

52.     As a proximate result of DHL SUPPLY CHAIN's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions,  deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of DHL SUPPLY CHAIN, losses incurred seeking substitute employment and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits,  the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

compensable losses are in amounts not fully ascertained.

53.     On or about March 18, 2020, and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

54.     On or about March 18, 2020, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

## FOURTH CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET's Fourth Cause of Action for Wrongful Discharge in Violation of Public Policy against Defendants DHL SUPPLY CHAIN and DOES 1-50)**

55.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 54.

56.     Plaintiff entered employment with defendants and duly performed all of the conditions of his employment.

57.     At all times mentioned in the complaint, California Constitution Article I Section 8 was in full force and effect and was binding on DEFENDANTS.  This section required DEFENDANTS to refrain from discriminating against any employee on the basis of race or age.

58.     Plaintiff is informed and believes and thereon alleges that his age or race, creed, color or national or ethnic origin was a factor in DEFENDANTS 's discriminatory and harassing treatment of him which consisted of, but was not limited to retaliation against plaintiff and DEFENDANTS's decision to terminate him.  Such discrimination is in violation of the public policy of the State of California as reflected in California Constitution Article I, Section 8, and has resulted in damages and injury to plaintiff as alleged herein.

59.     DEFENDANTS' actions violated the provisions of the Fair Employment and Housing Act (FEHA) (Government Code §§12900-12966).  Such discrimination is in violation of the public policy of the State of

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

California as reflected in California FEHA, and has resulted in damages and injury to plaintiff as alleged herein.

60.     The actions alleged in Paragraphs 1- 84 above, specifically the fact that plaintiff was subjected to disability discrimination and harassment by DEFENDANTS caused plaintiff to be wrongfully discharged from his employment in violation of public policy.  Plaintiff was in essence effectively discharged in retaliation for attempting to exercise his fundamental right to be free from disability discrimination and harassment.

61.     As a proximate result of the wrongful discharge of plaintiff, plaintiff has become so severely emotionally distressed and physically ill all to plaintiff's damage in an amount according to proof.

## FIFTH CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET's Fifth Cause of Action for Retaliation, Violation of Fair Employment and Housing Act against Defendants DHL SUPPLY CHAIN and DOES 1-50)**

62.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 61.

63.     During the course of plaintiff's employment with DEFENDANTS, he complained to DEFENDANTS about DEFENDANTS' managers', supervisors', co-workers' and others' unfair, discriminatory and harassing behavior towards him and complained about DEFENDANTS' environmentally hostile and offensive environment.  On or about December 27, 2019, Defendants retaliated against plaintiff for making these complaints by terminating his employment with DEFENDANTS.

64.     DEFENDANTS' treatment of plaintiff was in violation of Government Code section 12940(h). Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing (hereafter, DFEH) against all named defendants and received a right to sue letter.

65.     As a proximate result of DEFENDANTS' retaliatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, deferred compensation and other employment benefits; injuries to plaintiff's protected property interests; general damage to plaintiff's reputation; loss due

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

to stigma; injury to plaintiff's property, business, trade, profession and occupation; the expenses plaintiff has incurred mitigating the conduct of DEFENDANTS ; deferred compensation and other employment benefits; the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action; interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits; the interest on borrowed money; the value of plaintiff's time in prosecuting this action; the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses; other incidental expenses; and other special and general damages. Plaintiff's substantial compensable losses are in amounts not fully ascertained.

66.     As a further proximate result of DEFENDANTS' retaliatory actions against plaintiff as alleged above and the acts, omissions and conduct of DEFENDANTS, plaintiff has suffered, and continues to suffer, embarrassment, mortification, indignity and humiliation and severe physical, mental and emotional distress and discomfort and irreparable injury to his business reputation, all to his detriment and damage in amounts not fully ascertained, and for which plaintiff has been forced to seek personal, medical and related care and treatment and plaintiff has incurred and will continue to incur, expenses therefore.

67.     On or about March 18, 2020, and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

68.     On or about March 18, 2020, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

## SIXTH CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET's s Sixth Cause of Action against Defendant DHL SUPPLY CHAIN Constructive Discharge in Violation of Public Policy – Plaintiff Required to Violate Public Policy)**

69.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

70.     Plaintiff was constructively discharged from his employment with Defendants for reasons that violate public policy including, but not limited to, requiring Plaintiff to engage in unsafe activity, as alleged herein, in order to remain employed by Defendants, and for Plaintiff reporting in good faith the working conditions he believed to be unsafe.

71.     Defendants' requirement that Plaintiff engage in unsafe activity, as alleged herein, in order to remain employed by Defendants was so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.  Plaintiff did in fact resign as a result of Defendants' conduct as alleged herein.

72.     As alleged herein, Plaintiff was subjected to working conditions that violated public policy, in that he was forced to engage in unsafe activity in order to remain employed by Defendants.  Defendants intentionally created or knowingly permitted these unsafe working conditions to exist.  The conditions under which Plaintiff was forced to work were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

73.     As a legal and proximate result of Defendants' conduct as alleged hereinabove, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

74.     As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

75.     The above-recited actions of Defendants were done with malice, fraud and oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to seek

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1   and does seek punitive damages in an amount according to proof against Defendants pursuant to California

2   Civil Code section 3294 and to the extent permitted by law.

3   ### SEVENTH CAUSE OF ACTION

4   **(Plaintiff STEPHEN BRATSET's Seventh Cause of Action against Defendant DHL SUPPLY**
    **CHAIN; Constructive Discharge in Violation of Public Policy – Plaintiff Required to Endure**
5   **Intolerable Conditions for Improper Purpose That Violate Public Policy)**

6   76.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in

7   paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

8   77.    Plaintiff further alleges that throughout the time of his employment Defendants intentionally created

9   / or knowingly permitted / or allowed these unsafe working conditions to exist at plaintiff's job sites that

10  directly affected the health and safety of its employees including plaintiff working at those job sites.  These

11  unsafe and unhealthy working conditions included but were not limited to the conditions identified in the

12  preceding paragraphs.

13  78.    Plaintiff was subjected to working conditions that violated public policy, in that throughout the time

14  of his employment with Defendants, plaintiff was treated intolerably for having made good faith complaints

15  to upper-level Defendant owners, managers and supervisors regarding the unhealthy and unsafe working

16  conditions he observed, and which he believed he was subjected to.  Throughout his employment plaintiff

17  refused to participate in, countenance, acquiesce or tolerate the unsafe working conditions described above.

18  As a result of plaintiff reporting the unsafe working conditions described above to management plaintiff

19  ultimately was constructively terminated from his employment with Defendants.

20  79.    Defendants' wrongful discharge of plaintiff was in violation of well-established public policies that

21  prohibit an employer from retaliating against those employees who in good faith report working conditions

22  they believe to be unsafe as set forth in California Labor Code § 6310.

23  80.    Plaintiff was constructively discharged from his employment with Defendants for reasons that

24  violate public policy including, but not limited to, those allegations as set forth in the Statement of Facts

25  included hereinabove and, specifically, his having been treated intolerably for having made good faith

26

27  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
    (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL
28

1  complaints to upper-level Defendant owners, managers and supervisors regarding the unhealthy and unsafe

2  working conditions he observed, and which he believed he was subjected to.

3  81.    The working conditions set forth above were so intolerable that a reasonable person in Plaintiff's

4  position would have had no reasonable alternative except to resign. Plaintiff did in fact resign as a result of

5  Defendants' conduct as alleged herein.

6  82.    As alleged herein, Plaintiff was subjected to working conditions that violated public policy, in that

7  Plaintiff was treated intolerably for having made good faith complaints to upper-level Defendant owners,

8  managers and supervisors regarding the unhealthy and unsafe working conditions he observed, and which

9  he believed he was subjected to.  Defendants intentionally created or knowingly permitted these working

10  conditions. The conditions under which Plaintiff was forced to work were so intolerable that a reasonable

11  person in Plaintiff's position would have had no reasonable alternative except to resign.

12  83.    As a legal and proximate result of Defendants' conduct as alleged hereinabove, Plaintiff has been

13  harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff

14  would have received but for the aforementioned conduct including future wages and benefits that Plaintiff

15  would have earned for the length of time the employment with Defendants was reasonably certain to

16  continue. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount

17  according to proof at trial.

18  84.    As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been

19  harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

20  As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to

21  proof at trial.

22  85.    The above-recited actions of Defendants were done with malice, fraud and oppression, and in

23  conscious, despicable and reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to seek

24  and does seek punitive damages in an amount according to proof against Defendants pursuant to California

25  Civil Code section 3294 and to the extent permitted by law.

26

27  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
   (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

28

**EIGHTH CAUSE OF ACTION**

**(Plaintiff STEPHEN BRATSET's Eighth Cause of Action against Defendant DHL SUPPLY CHAIN; Wrongful Termination in Violation of Labor Code, Cal. Labor Code § 6311)**

86.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

87.     California Labor Code section 6311 states that, "no employee shall be laid off or discharged for refusing to perform work in the performance of which this code, including Section 6400, any occupational safety or health standard or any safety order of the division or standards board will be violated, where the violation would create a real and apparent hazard to the employee or his or her fellow employees. Any employee who is laid off or discharged in violation of this section or is otherwise not paid because he or she refused to perform work in the performance of which this code, any occupational safety or health standard or any safety order of the division or standards board will be violated and where the violation would create a real and apparent hazard to the employee or his or her fellow employees shall have a right of action for wages for the time the employee is without work as a result of the layoff or discharge."

88.     As set forth hereinabove, Plaintiff, at the command of Defendants, was forced to engage in unsafe in violation of California Labor Code section 6311.

89.     Defendants conduct as alleged herein, created a real and apparent hazard and caused harm thereby to Plaintiff.

90.     As a legal and proximate result of Defendants conduct as alleged hereinabove, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

91.     As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1    As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to

2    proof at trial.

3    92.    The above-recited actions of Defendants were done with malice, fraud and oppression, and in

4    conscious, despicable and reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to seek

5    and does seek punitive damages in an amount according to proof against Defendants pursuant to

6    California Civil Code section 3294 and to the extent permitted by law.

7    **NINTH CAUSE OF ACTION**

8    **(Plaintiff STEPHEN BRATSET's Ninth Cause of Action against Defendant DHL SUPPLY CHAIN; Wrongful Termination in Violation of Labor Code, Cal. Labor Code § 6310)**

9

10    93.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in

paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth

11    herein.

12    94.    Plaintiff further alleges that throughout the time of his employment Defendants intentionally created

13    / or knowingly permitted / or allowed these unsafe working conditions to exist at plaintiff's job sites that

14    directly affected the health and safety of its employees including plaintiff working at those job sites. These

15    unsafe and unhealthy working conditions included but were not limited to the conditions identified in the

16    preceding paragraphs.

17    95.    Plaintiff was subjected to working conditions that violated public policy, in that throughout the time

18    of his employment with Defendants, plaintiff was treated intolerably for having made good faith complaints

19    to upper-level Defendant owners, managers and supervisors regarding the unhealthy and unsafe working

20    conditions he observed, and which he believed he was subjected to. Throughout his employment plaintiff

21    refused to participate in, countenance, acquiesce or tolerate the unsafe working conditions described above.

22    As a result of plaintiff reporting the unsafe working conditions described above to management plaintiff

23    ultimately was terminated from his employment with Defendants.

24    96.    Defendants' wrongful discharge of plaintiff was in violation of well-established public policies that

25

26

27    COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

28

prohibit an employer from retaliating against those employees who in good faith report working conditions they believe to be unsafe as set forth in California Labor Code § 6310.

97.     As a legal and proximate result of Defendants conduct as alleged hereinabove, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

98.     As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

99.     As a proximate result of Defendant's retaliatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred compensation and other employment benefits; injuries to plaintiff's protected property interests; general damage to plaintiff's reputation; loss due to stigma; injury to plaintiff's property, business, trade, profession and occupation; the expenses plaintiff has incurred mitigating the conduct of Defendant; deferred compensation and other employment benefits; the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action; interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits; the interest on borrowed money; the value of plaintiff's time in prosecuting this action; the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses; other incidental expenses; and other special and general damages. Plaintiff's substantial compensable losses are in amounts not fully ascertained.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

100.   The above-recited actions of Defendants were done with malice, fraud and oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights.  Accordingly, Plaintiff is entitled to seek and does seek punitive damages in an amount according to proof against Defendants pursuant to California Civil Code section 3294 and to the extent permitted by law.

### TENTH CAUSE OF ACTION

**(Plaintiff STEPHEN BRATSET's Tenth Cause of Action against
Defendant DHL SUPPLY CHAIN; Breach of Implied in Fact Contract)**

101.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

102.   Defendants promised, by words or conduct, that Plaintiff would only be discharged or demoted for good cause.

103.   Defendants' requirement that Plaintiff engage in unsafe activities in order to remain employed by Defendants constitutes Defendants' failure to perform under, and breach of, the implied contract entered into by and between the parties. Also, Defendant promised, by words or conduct, to discharge Plaintiff only for good cause and breached that promise by discharging Plaintiff for reporting the offensive, improper, unsafe and illegal conduct of Defendants and for refusing to engage in such conduct.

104.   As a result of Defendants' breach of the employment contract, Plaintiff has suffered monetary damages.

105.   As a direct, foreseeable and proximate result of the above actions, Plaintiff has been harmed in that he has suffered the loss of wages, salary, benefits including front and back pay, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue.

### ELEVENTH CAUSE OF ACTION

**(Plaintiff's Eleventh Cause of Action against Defendant DHL SUPPLY CHAIN; Breach of
Employment Contract)**

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

106.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

107.    Plaintiff and Defendants entered into an employment relationship. Defendants promised, by words or conduct, that Plaintiff would only be discharged or demoted for good cause.

108.    Plaintiff substantially performed his job duties except for the performance of any duties which were excused.

109.    Defendants discharged Plaintiff without good cause.

110.    As a result of Defendants breach of the employment contract, Plaintiff has suffered monetary damages.

111.    As a direct, foreseeable and proximate result of the above actions, Plaintiff has been harmed in that he has suffered the loss of wages, salary, benefits including front and back pay, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue.

## TWELFTH CAUSE OF ACTION

**(Plaintiff's Twelfth Cause of Action against Defendant DHL SUPPLY CHAIN; Unlawful Retaliation, Violation of Cal. Labor Code § 1102.5)**

112.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

113.    Plaintiff refused to engage in the unsafe and potentially illegal activities as alleged hereinabove and, in fact, reported such activities to senior company officials employed by Defendants. In response to such refusal and complaining, Plaintiff was routinely not called in to work ultimately culminating in his discharge.

114.    Plaintiff's repeated complaining and refusal to engage in such activities was a motivating reason for Defendants' decision to not call Plaintiff into work ultimately culminating in his discharge.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

115.    California Labor Code section 1102.5 specifically states that "an employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute …"   Defendants insisted that Plaintiff participate in the unsafe and potentially illegal activities as alleged hereinabove, and upon his complaining or express refusal, he was summarily sent home and kept out of work.

116.    Labor Code section 1102.5(b) provides, in relevant part, that:

"No employer shall retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal statute."

117.    Labor Code section 1103 makes a violation of Labor Code section 1102.5 a misdemeanor.

118.    In discharging Plaintiff, Defendants have violated Labor Code section 1102.5.

119.    Plaintiff was harmed as a result of Defendants' conduct.

120.    Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

121.    As a direct, foreseeable and proximate result of the above actions, Plaintiff has been harmed in that he has suffered the loss of wages, salary, benefits including front and back pay, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue.

122.    As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

123.    The above-recited actions of Defendants were done with malice, fraud and oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to seek and does seek punitive damages in an amount according to proof against Defendants pursuant to California Civil Code section 3294 and to the extent permitted by law.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

**THIRTEENTH CAUSE OF ACTION**

**(Plaintiff STEPHEN BRATSET's Thirteenth Cause of Action against Defendant DHL SUPPLY CHAIN; Breach of the Implied Covenant of Good Faith and Fair Dealing)**

124.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

125.   Plaintiff entered into an employment relationship with Defendants.

126.   Plaintiff substantially performed all of his job duties except for the performance of any duties which were excused.

127.   Defendants' requirement that Plaintiff engage in unsafe and potentially illegal activities, as set forth hereinabove, in order to continue his employment with Defendants, constitutes a failure to act fairly and in good faith.

128.   As a legal and proximate result of Defendants' conduct as alleged hereinabove. Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue.  As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

129.   As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

130.   The above-recited actions of Defendants were done with malice, fraud and oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to seek and does seek punitive damages in an amount according to proof against Defendants pursuant to California Civil Code section 3294 and to the extent permitted by law.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

**FOURTEENTH AUSE OF ACTION**

**(Plaintiff STEPHEN BRATSET's Fourteenth Cause of Action for Violation of California Government Code Section 12940(k) against Defendants DHL SUPPLY CHAIN and DOES 1-50)**

131.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through the paragraph immediately preceding this paragraph, as though fully set forth herein.

132.   At all times mentioned in this complaint, Government Code section 12940(k) was in full force and effect and was binding on defendants.  This subsection requires defendants to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  As alleged above, defendants violated this subsection by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  Within the time provided by law, plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right–to–sue letter.

133.   As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

134.   Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

135.   Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, plaintiff prays for judgment as follows:

1.   Compensatory damages for back pay, according to proof,

2.   Compensatory damages for physical and emotional injuries and accompanying pain and suffering, according to proof,

3.   For medical and related expenses according to proof,

4.   For loss of earnings according to proof,

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1    5.    For compensatory damages for disability discrimination according to proof,

2    6.    For reasonable attorney fees, and for costs of suit incurred

3    7.    For exemplary damages; and

4    8.    For such other and further relief as the Court may deem proper and just.

5                      **REQUEST FOR JURY TRIAL**

6    Plaintiff STEPHEN BRATSET requests a trial by jury on all causes of action.

7

8    Dated: August 23, 2021                    _____

9                                              Michael J. Reed
                                               Attorney for Plaintiff, STEPHEN BRATSET

10   (D575.002 ND)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
     (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL
28

Attorney at Law
Attn: Reed, Michael J.
60 CreekTree Lane
Alamo, CA  94507____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Bratset | No. RG21110598 |
| **Plaintiff/Petitioner(s)**<br><br>VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| DHL Supply Chain | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **01/12/2022**<br>Time: **09:30 AM** | Department: **520**<br>Location: **Hayward Hall of Justice**<br>**3rd Floor**<br>**24405 Amador Street, Hayward  CA  94544**<br><br>Internet: **www.alameda.courts.ca.gov** | Judge: **Julia Spain**<br>Clerk: **Danielle Labrecque**<br>Clerk telephone: **(510) 690-2729**<br>E-mail:<br>**Dept520@alameda.courts.ca.gov**<br>Fax: **(510) 267-1531** |

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/27/2021.

By      _Demeter Oh_ Digital

                                 Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG21110598
Case Title:     Bratset VS DHL Supply Chain
Date of Filing: 08/24/2021

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Julia Spain** |
| **Department:** | **520** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward  CA  94544** |
| **Phone Number:** | **(510) 690-2729** |
| **Fax Number:** | **(510) 267-1531** |
| **Email Address:** | **Dept520@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

Counsel(s) are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar Association (www.acbanet.org).

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY

OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Julia Spain
DEPARTMENT 520

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's website also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Appearances by attorneys not counsel of record are not permitted except for good cause shown. (Non-emergency scheduling conflicts are not good cause). Any appearing counsel must have full authority to make decisions on a case.

All references to counsel apply equally to self-represented parties and all must comply with all the rules cited in this Notice. Parties are reminded that the dept. clerk is prohibited from giving legal advice. Self-represented parties are encouraged to use the Self-Help Center at the Hayward Hall of Justice, 24405 Amador St., Dept. 501, Hayward.

Email is the best method of communicating with court staff. Email address for counsel or self-represented litigants must be listed in the caption of all filed papers, as required by CRC 2.111(1). All email communications must be copied to all parties for whom an email address is available. Pleadings/documents shall not be transmitted via email.

**Schedule for Department 520**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays, Tuesdays, Thursdays and Fridays, beginning at 9:30 a.m.

- Trial Readiness Conferences are held 2 weeks prior to trial date. Compliance with Local Rule 3.35 and personal appearance of trial counsel is required.

- Case Management Conferences are held: Wednesdays at 9:30 a.m. Timely filed and complete CMC Statements with courtesy copy to Dept. 520 are required. The

court will usually publish a Tentative Case Management Order.  Check DOMAIN to see if Order waives CMC appearance.

- Law and Motion matters are heard:  Wednesdays and Thursdays at 2:00 p.m.; Litigants must contact the dept. clerk to reserve a date before filing any law and motion matter. See further procedures below.

- Settlement Conferences are heard:  Court resources are limited. Counsel are encouraged to consider alternative dispute resolution. Conferences will be specially set as appropriate.

- Ex Parte matters are heard:  On written applications only on Mondays - Thursdays. Email Dept. 520 to request date.  Moving party must give 48 hours prior notice to opponent advising written opposition must be filed and courtesy copy delivered to Dept. 520 within 24 hours.

- Check Domain, Dept. 520 webpage, click on "List of Documents" for other useful materials.

- DISCOVERY DISPUTES: Parties must exhaust Meet and Confer requirements before contacting the court for a hearing date.  No Motion to Compel Discovery will be scheduled until after the parties complete an informal discovery resolution process thru the court.   Email the dept. for a date and further details before preparing any Motion to Compel.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        dept520@alameda.courts.ca.gov

  Please provide: 1) Name of case; 2) Case number; 3) Title of motion; 4) Moving party; 5) Name of Responding Party's Counsel and email address.

- Ex Parte Matters
  Email:        dept520@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 520
- Phone:  1-866-223-2244

Dated:  08/26/2021

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/27/2021

By

Deputy Clerk