Christopher J. Boman (SBN 198798)
E-Mail: cboman@fisherphillips.com
Boris Sorsher (SBN 251718)
E-Mail: bsorsher@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile:  (949) 851-0152

Olatomiwa T. Aina (SBN 325566)
E-Mail: taina@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111
Telephone: (415) 490-9000
Facsimile:  (415) 490-9001

Attorneys for Defendant
EXEL INC. *dba* DHL SUPPLY CHAIN
(erroneously sued as "DHL Supply Chain")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| STEPHEN BRATSET, | Case No. 22-cv-00263-KAW |
|---|---|
| Plaintiff, | STIPULATION TO ARBITRATION AND (PROPOSED) ORDER |
| v. | |
| DHL SUPPLY CHAIN, a business entity from unknown and DOES 1-50, | |
| Defendant. | Complaint Filed: 08/24/21 |

IT IS HEREBY STIPULATED by and between Plaintiff, STEPHEN BRATSET, ("Plaintiff"), and Defendant EXEL INC. *dba* DHL SUPPLY CHAIN (erroneously sued as "DHL SUPPLY CHAIN") ("Defendant") (collectively Plaintiff and Defendant shall be referred to as the "Parties") and their attorneys of record:

//

//

1

## RECITALS

WHEREAS, on August 24, 2021, Plaintiff filed a Complaint in the Superior Court of California for the County of Alameda (the "Action") asserting the individual causes of action: 1) Age Discrimination in Violation of Fair Employment and Housing Act ("FEHA"); 2) Age Harassment in Violation of FEHA; 3) Discrimination on the Bases of Race and National Origin in Violation of FEHA; 4) Wrongful Discharge in Violation of Public Policy; 5) Retaliation in Violation of FEHA; 6) Constructive Discharge in Violation of Public Policy – Plaintiff Required to Violate Public Policy; 7) Constructive Discharge in Violation of Public Policy – Plaintiff Required to Endure Intolerable Conditions for Improper Purpose that Violate Public Policy; 8) Wrongful Termination in Violation of California Labor Code § 6311; 9) Wrongful Termination in Violation of California Labor Code § 6310; 10) Breach of Implied in Fact Contract; 11) Breach of Employment Contract; 12) Retaliation in Violation of California Labor Code § 1102.5; 13) Breach of the Implied Covenant of Good Faith and Fair Dealing; and 14) Violation of Government Code § 12940(k);

WHEREAS, on January 13, 2022, Defendant filed a Notice of Removal in the United States District Court for the Northern District of California;

WHEREAS, Defendant has at all relevant times maintained a policy of binding arbitration for all disputes that may arise in the context of employment;

WHEREAS, Plaintiff entered into a mutual agreement to arbitrate disputes ("Arbitration Agreement") with Defendant. Attached hereto as **Exhibit "A"** is a true and correct copy of the Employment At-Will and Arbitration Agreement (the "Arbitration Agreement") signed by Plaintiff, whereby Plaintiff agreed to arbitrate any and all claims arising out of Plaintiff's employment, which includes all claims asserted in the Action;

WHEREAS, the Parties met and conferred, and subsequently confirmed that they would submit the individual claims of Plaintiff, including but not limited to: 1) Age Discrimination in Violation of Fair Employment and Housing Act ("FEHA"); 2) Age Harassment in Violation of FEHA; 3) Discrimination on the Bases of Race and National Origin in Violation of FEHA; 4) Wrongful Discharge in Violation of Public Policy; 5) Retaliation in Violation of FEHA; 6)

1  Constructive Discharge in Violation of Public Policy – Plaintiff Required to Violate Public Policy; 7) Constructive Discharge in Violation of Public Policy – Plaintiff Required to Endure Intolerable Conditions for Improper Purpose that Violate Public Policy; 8) Wrongful Termination in Violation of California Labor Code § 6311; 9) Wrongful Termination in Violation of California Labor Code § 6310; 10) Breach of Implied in Fact Contract; 11) Breach of Employment Contract; 12) Retaliation in Violation of California Labor Code § 1102.5; 13) Breach of the Implied Covenant of Good Faith and Fair Dealing; and 14) Violation of Government Code § 12940(k), to binding arbitration pursuant to the Arbitration Agreement;

WHEREAS, in light of the agreement to arbitrate Plaintiff's claims, the Parties and counsel agree that the Action should be stayed pending completion and/or resolution of the arbitration proceeding and the court shall retain jurisdiction to enforce the stipulation to binding arbitration and to confirm the arbitration award rendered therein;

WHEREAS, by signing this stipulation, counsel of record for the Parties represent that they have full authority from their respective clients to enter into this stipulation;

WHEREAS, the arbitration of Plaintiff's individual claims shall be conducted according to the rules set forth in the arbitration agreement and shall comply with the holding of *Armendariz v. Foundation Health Psychcare Svcs., Inc.* (2000) 24 Cal.4th 83 (abrogated on other grounds by *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333);

WHEREAS, the Parties agree that the arbitration proceeding will be governed by the California *Code of Civil Procedure*, for all purposes including but not limited to pleadings, law and motion, including but not limited to dispositive motions such as demurrers, motions to strike, motions for judgment on the pleadings, and motions for summary judgment and/or summary adjudication, lay and expert discovery, and other deadlines related to the arbitration proceeding, and Rules of Evidence to the extent that these provisions are not inconsistent with the Arbitration Agreement, or otherwise agreed to or modified by the Parties;

WHEREAS, the Parties have not yet selected an arbitrator, but the Parties expressly agree to select an arbitrator by mutual agreement from a dispute resolution provider such as JAMS or ADR and agree that the arbitrator shall be a retired judge;

WHEREAS, the Parties agree that, to the extent the statute of limitations for Plaintiff's claims against Defendant had not expired as of August 24, 2021, Plaintiff's choice to file the August 24, 2021 Complaint in Alameda County Superior Court, in lieu of filing an arbitration demand, does not, in itself, render the Action untimely;

WHEREAS, in addition to the payment of the arbitrator's hourly fees for conducting the arbitration proceeding and hearing, Defendant shall pay for any initiation or administrative fee that would otherwise be the responsibility of Plaintiff up to a cap of $1,000.00;

WHEREAS, this stipulation may be completed in duplicate parts and facsimile copies are accepted as originals, all of which shall constitute one and the same stipulation; and

WHEREAS, based on the above Recitals, the declarations of counsel, and for the purpose of staying the action pending completion and/or resolution of the arbitration proceeding, **THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

1. To submit Plaintiff's claims to final and binding arbitration pursuant to the terms of the Arbitration Agreement.

2. The Action should be stayed pending completion and/or resolution of the arbitration proceeding and the court shall retain jurisdiction to enforce the stipulation to binding arbitration and to confirm the arbitration award rendered therein.

3. The arbitration of Plaintiff's individual claims shall be conducted according to the rules set forth in the arbitration agreement and shall comply with the holding of *Armendariz v. Foundation Health Psychcare Svcs., Inc.* (2000) 24 Cal.4th 83 (abrogated on other grounds by *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333).

4. The Parties agree that the arbitration proceeding will be governed by the California *Code of Civil Procedure*, for all purposes including but not limited to pleadings, law and motion, including but not limited to dispositive motions such as demurrers, motions to strike, motions for judgment on the pleadings, and motions for summary judgment and/or summary adjudication, lay and expert discovery, and other deadlines related to the arbitration proceeding, and Rules of Evidence to the extent that these provisions are not inconsistent with the Arbitration Agreement, or otherwise agreed to or modified by the Parties.

5. The Parties have not yet selected an arbitrator, but the Parties expressly agree to select an arbitrator by mutual agreement from a dispute resolution provider such as JAMS or ADR and agree that the arbitrator shall be a retired judge.

6. The Parties agree that, to the extent the statute of limitations for Plaintiff's claims against Defendant had not expired as of August 24, 2021, Plaintiff's choice to file the August 24, 2021 Complaint in Alameda County Superior Court, in lieu of filing an arbitration demand, does not, in itself, render the Action untimely.

7. In addition to the payment of the arbitrator's hourly fees for conducting the arbitration proceeding and hearing, Defendant shall pay for any administrative or filing fee that would otherwise be the responsibility of Plaintiff to initiate the arbitration proceeding up to a cap of $1,000.00.

8. Judgment upon the award, if any, rendered by the Arbitrator may be entered in this Court.

9. This stipulation may be completed in duplicate parts and facsimile copies are accepted as originals, all of which shall constitute one and the same stipulation.

**IT IS SO STIPULATED.**

Dated: January 19 2022

FISHER & PHILLIPS LLP

By: _____
CHRISTOPHER J. BOMAN
BORIS SORSHER
Attorneys for Defendant
EXEL INC. *DBA* DHL SUPPLY CHAIN (USA)

Dated: January 19, 2022

LAW OFFICES OF MICHAEL J. REED

By: _____
MICHAEL J. REED
Attorney for Plaintiff
STEPHEN BRATSET

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED, pursuant to the stipulation of the Parties hereto, that this entire action, *Stephen Bratset v. DHL Supply Chain* (Case No. 22-cv-0023-KAW), be dismissed so that the Parties may proceed to binding arbitration. This court shall retain jurisdiction to enforce this Order, the stipulation to binding arbitration, and any arbitration award rendered herein.

IT IS FURTHER ORDERED The matter is STAYED pending resolution by arbitration and confirmation of arbitration award.

Dated: January 28, 2022

*/s/ Jeffrey S. White*

United States ~~Magistrate~~ Judge
Judge ~~Kandis Westmore~~ Jeffrey S. White